Commonwealth ex rel. Wherry, Appellant, *v.* Maroney.

442

Submitted June 11, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Ralph E. Wherry*, appellant, in propria persona.

*William C. Cahall, III*, Assistant District Attorney, and *Richard S. Lowe*, District Attorney, for appellee.

OPINION BY WRIGHT, J., September 12, 1963:

Ralph E. Wherry has appealed from an order of the Court of Common Pleas of Montgomery County dismissing his petition for a writ of habeas corpus. It will be necessary to summarize the factual and procedural situation revealed by our examination of the original trial record.

On June 15, 1961, Wherry was arrested on charges of (1) sodomy and (2) corrupting the morals of children. On June 30, 1961, he waived indictment and pleaded guilty to these two charges at Nos. 108 and 108-1 June Term 1961. He was thereupon committed

to the Montgomery County prison pending psychiatric study under the provisions of the Act of January 8, 1952, P. L. (1951) 1851, 19 P. S. 1166 et seq., commonly known as the Barr-Walker Act. On July 14, 1961, the court ordered that Wherry be taken to the Norristown State Hospital for examination. On August 29, 1961, upon request of the Department of Public Welfare, the observation period was extended for an additional thirty days. On September 26, 1961, a complete written report was submitted to the court below including a psychiatric analysis by Dr. William F. Camp, Superintendent of the Norristown State Hospital, and the recommendation of Dr. John E. Davis, Commissioner of Mental Health.

On October 6, 1961, Wherry was brought into court and sentenced at No. 108 June Sessions 1961, for an indefinite term having a minimum of one day and a maximum of life. In view of Wherry's assertion that he had not been advised by counsel, the sentence was revoked in order that counsel might be appointed. The following colloquy occurred: "The Defendant: Your Honor, I'm not saying that I didn't want that sentence, but if I need help I'll gladly take it. The Court: What do you want me to do, sir? Do you want a lawyer? The Defendant: Well, if he could help me a little bit I would. The Court: I will defer sentence and I will revoke that sentence and I will give you a chance to talk with counsel and I will listen to what he has to say. This matter is continued for two weeks. Mr. Cahall [Assistant District Attorney]: I will refer it to the Voluntary Defender. The Court: See that he gets somebody with some experience. Mr. Cahall: Yes, sir. The Court: We will get you a competent lawyer, sir, and we will give you two weeks to talk with him. The Defendant: All right".

On October 20, 1961, Wherry was again brought before the court. At that time he was represented by

Joseph P. Phelps, Jr., Esquire[1], who made the following statement: "Your Honor, I have spoken this morning to Mr. Wherry in the light of the discussion we had last evening. It is Mr. Wherry's feeling and desire, and if your Honor would like, I would put him on the stand to indicate that, that he would desire in view of the fact that there is a greater possibility of obtaining treatment by being sentenced under the Barr-Walker Act than being sentenced under the act for sodomy, that your Honor proceed with your announced plan of sentencing under the Barr-Walker Act". The court then proceeded to again impose sentence at No. 108 June Sessions 1961, for an indefinite term having a minimum of one day and a maximum of life. On Bill No. 108-1 June Sessions 1961, sentence was suspended. On January 9, 1962, by order of the Deputy Commissioner for Treatment, Wherry was transferred to the State Correctional Institution at Pittsburgh, where he is presently confined.

Appellant's first contention is that the offense of sodomy was not completed because there was no penetration. At the time of his arrest, Wherry made a written confession that he had attempted to commit sodomy on an eight year old boy. He does not here assert that his confession was untrue. Section 1 of the Barr-Walker Act expressly authorizes sentencing thereunder for the crime of assault with intent to commit sodomy. Section 1107 of the Act of June 24, 1939, P. L. 872, 18 P. S. 5107, provides that a verdict of guilty of an attempt may be returned on a bill of indictment charging the completed offense. Moreover, appellant's guilty plea obviated the necessity of a trial, and proof normally offered to obtain a conviction was

---

[1] The Commonwealth's brief sets forth that Mr. Phelps "is the head of the Montgomery County Voluntary Defender's Association and is a very competent and experienced attorney". He is referred to in the opinion below as "experienced counsel".

not required: *Commonwealth ex rel. Marshall v. Maroney,* 198 Pa. Superior Ct. 85, 181 A. 2d 852. Where a defendant has entered a plea of guilty, alleged insufficiency of the evidence may not be raised by habeas corpus, *Commonwealth ex rel. Bouknight v. Myers,* 194 Pa. Superior Ct. 406, 168 A. 2d 590, nor may the defendant be heard to say that he inadvertently or ignorantly pleaded guilty to one crime when actually guilty of a lesser offense: *Commonwealth ex rel. Sullivan v. Ashe,* 325 Pa. 305, 188 A. 841. See also *Commonwealth ex rel. Frey v. Banmiller,* 191 Pa. Superior Ct. 524, 159 A. 2d 237.

Appellant's second contention is based on certain discrepancies in the record concerning the dates of statutory reference. For example, the transcript of the hearing on October 20, 1961, states that the sentence was imposed under the Act of June 8, 1952, P. L. 1851. However, the sentence is in the exact words of the Barr-Walker Act. The use of the word "June" instead of the word "January" is obviously a typographical error. Any confusion in the year stems from the fact that the statute was passed during the session of 1951, but was not signed by the Governor until January 8, 1952. It is referred to interchangeably as the Act of 1951 or 1952. Appellant was fully aware that he was being sentenced under the provisions of the Barr-Walker Act and, in fact, made such a request. The discrepancies of which he complains have no significance.

Appellant's third contention is that he was illegally detained in the Norristown State Hospital "past the date of expiration" of the court order. Section 3(a) of the Barr-Walker Act authorizes the court to postpone sentence and to impose temporary confinement to afford the Department of Welfare time in which to make a psychiatric examination. The period of temporary confinement shall not exceed sixty days unless the court grants an extension for an additional thirty

days. The statute further provides that the examination may be made at a State hospital or other State institution. Section 3(b) reads in pertinent part as follows: "If, for any reason, such examination is not made and a report thereon given to the court within such period of temporary confinement, the provisions of this act shall thereupon not be available to the court, and it shall sentence the prisoner to such sentence as provided by law".

In the instant case a thirty-day extension was requested, and the period for observation was extended until September 28, 1961. The examination was completed and the report was made on September 26, 1961, which was within the period as extended. This fully complied with the requirement of the Barr-Walker Act, and it was therefore available to the court. Wherry's additional confinement for a few days until he could be brought before the court in no way affected the court's power to invoke the provisions of the statute in imposing sentence.

Appellant's fourth and final contention is that he was deprived of the effective assistance of counsel. It is well settled that a prisoner's dissatisfaction with his representation by counsel does not constitute grounds for the issuance of a writ of habeas corpus unless counsel's conduct was so prejudicial as to constitute a deprivation of due process. See *Commonwealth ex rel. Schenk v. Banmiller,* 190 Pa. Superior Ct. 467, 154 A. 2d 320; *Commonwealth ex rel. Fritchman v. Ceraul,* 193 Pa. Superior Ct. 7, 163 A. 2d 311; *Commonwealth ex rel. Nowakowski v. Maroney,* 194 Pa. Superior Ct. 24, 166 A. 2d 559. Wherry requested counsel on October 6, 1961, at the time sentence was originally imposed. The sentence was thereupon revoked and competent counsel appointed. The assertion that there was inadequate time for consultation is not sufficient to show prejudice: *Commonwealth ex*

*rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 118 A. 2d 756. As previously indicated, counsel actually carried out Wherry's desire in requesting that the court impose sentence under the Barr-Walker Act. "This record does not disclose that appellant's representation at the trial was lacking in competence": *Commonwealth ex rel. Jones v. Myers,* 201 Pa. Superior Ct. 437, 193 A. 2d 629.

Order affirmed.