Commonwealth *v.* Duff, Appellant.

Argued April 21, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert N. C. Nix, Jr.,* for appellant.

*Thomas M. Reed,* Assistant District Attorney, with him *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 27, 1964:

On February 24, 1959, the defendant, Nathaniel Duff, entered pleas of guilty in the Court of Quarter Sessions of Philadelphia County, before the Honorable EARL CHUDOFF, a judge of that court, to six separate bills of indictment charging criminal abortion, and two bills charging conspiracy to commit an abortion. He was placed on probation for a period of twenty-three months on one of the bills charging abortion, and sentence was suspended on all others.

On January 24, 1961, the probationary period imposed expired, and the probation department terminated supervision.

In June 1961, the defendant was indicted in the same court for abortion allegedly committed on August 30, 1960.

On January 4, 1963, after trial before the Honorable DAVID L. ULLMAN, sitting without a jury, the defendant was convicted on the indictment charging abortion in 1960, and was placed on probation for a period of three years.

On January 18, 1963, Judge CHUDOFF, after hearing, "vacated" the suspended sentences imposed on February 24, 1959, on five bills of indictment charging abortion, and imposed a prison sentence in each case of eighteen months to three years, the sentences to run concurrently.

The defendant appealed to the Superior Court from the judgments of sentence. That distinguished court in a four to three decision affirmed, but learned opinions filed by three individual members thereof manifest sharp conflict as to the import of the action of a court in suspending sentence.

It is common knowledge that the courts of quarter sessions and oyer and terminer of this Commonwealth have for decades followed the practice of "suspending sentence" upon defendants convicted of crime, without providing probation for a fixed period of time. While legal minds have differed as to the finality of such action, this Court, on at least two occasions, in the form of dicta has recognized the inherent power of the trial court to suspend sentence indefinitely and to later impose sentence: *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 123 A. 337 (1924), and *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 199 A. 185 (1938). Notwithstanding, it appears clear to us, that by the passage of the Acts of June 19, 1911, P. L. 1055, §1, 19 P.S. §1051, and August 6, 1941, P. L. 861, 61 P.S. §331.25, the legislature manifested a mandate to the courts, that where no sentence is imposed, the defendant should be placed on probation for *a fixed period of time,* not to exceed the maximum period of imprisonment allowed by law for the particular offense.

It is our considered conclusion that the above mandate can and should not be ignored and that in every case, where a court fails to impose sentence, the provisions of the governing act of 1941, supra,[1] should be followed. The practice of indefinitely suspending sen-

---

[1] "Probation by court in lieu of sentence

"Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence to imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed. 1941, August 6, P. L. 861, §25."

474

tence should be discontinued, and as of the effective date of the legislation, above mentioned, has no sound basis in law.

Theories of implied probation and indefinite suspension of sentence are not only contrary to the clearly expressed intent of the legislature, but are also violative of true principles of probation and, as in this case, promote confusion where none should exist.

This ruling is not intended to curtail the power of the court to temporarily defer sentence for a reasonable period of time for pre-sentence investigation or other proper cause, or even to defer the execution of an imposed sentence.

Judgments reversed and the defendant is discharged.