Commonwealth ex rel. Perrotta, Appellant, *v.* Myers.

Submitted June 11, 1963.    Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Louis Perrotta,* appellant, in propria persona.

*Benjamin Paul* and *Arlen Specter,* Assistant Dis-
trict Attorneys, *F. Emmett Fitzpatrick, Jr.,* First As-
sistant District Attorney, and *James C. Crumlish, Jr.,*
District Attorney, for appellee.

OPINION BY ERVIN, J., June 11, 1964:
This is an appeal taken by Louis Perrotta from an
order of Common Pleas Court No. 7 of Philadelphia
County dismissing a petition for writ of habeas corpus.

The appellant argues that he was illegally sentenced by Judge VINCENT A. CARROLL, sitting in the criminal court of Philadelphia County, claiming that he was given a four to eight year sentence on a larceny charge. (The maximum term for larceny is five years: §807 of the Act of June 24, 1939, P. L. 872, 18 PS §4807.) It is true that on October 10, 1961 he was sentenced under Bill No. 847 September Sessions 1961, on a plea of guilty to larceny, for a term of not less than four years nor more than eight years. On the same date sentence was suspended on Indictments Nos. 848, 849 and 850 September Sessions 1961, for other separate charges of larceny. On November 16, 1961 the sentence imposed under Bill No. 847 was vacated and a sentence of two to four years on the larceny charge was imposed.

On the same date, to wit, November 16, 1961, the suspension of sentence on Bill No. 848 was vacated and a sentence of two to four years on the larceny charge was imposed, to run consecutively to the sentence imposed on Bill No. 847.

Bill No. 847 involved a larceny committed on February 8, 1961 at subway locker No. 1327 at 13th Street, at which time the appellant stole one bowling ball, one bag and one pair of shoes, the property of Edward Ball; Bill No. 848 involved a larceny committed on July 28, 1961 at locker No. 3301 at the Pennsylvania Railroad station at 30th and Market Streets, at which time the appellant entered locker No. 3301 and stole a pistol, handcuffs, railroad tickets and papers, the property of one Robert Mosier. The appellant had plead guilty to both of these larcenies. He was found not guilty of the burglary charges. It was perfectly proper for the court to correct the illegal sentence imposed on October 10, 1961 and to impose a correct sentence for a term of two to four years on the larceny charged in Bill No. 847, even though the correction was

made after the expiration of the term in which the original sentence was imposed. See *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 548, 198 A. 812; *Com. v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897; *Com. v. Campbell,* 196 Pa. Superior Ct. 380, 393, 175 A. 2d 324; *Com. v. Mackley,* 380 Pa. 70, 110 A. 2d 172.

It was not proper for the court, on November 16, 1961, to impose a sentence of two to four years on the larceny charged in Bill No. 848: *Com. v. Duff,* 414 Pa. 471, 200 A. 2d 773.

The order of the court below must be affirmed, however, because the maximum period of four years imposed on Bill No. 847 on November 16, 1961 has not expired.

Order affirmed.

_____

CONCURRING AND DISSENTING OPINION BY MONTGOMERY, J.:

Although our Supreme Court has spoken on the troublesome subject of "Suspension of Sentence" in *Commonwealth v. Duff,* 414 Pa. 471, 200 A. 2d 773 (1964), and has held therein that, under the Acts of June 19, 1911, P. L. 1055, §1, 19 P.S. §1051, and August 6, 1941, P. L. 861, 61 P.S. §331.25, ". . . where no sentence is imposed, the defendant should be placed on probation for *a fixed period of time,* not to exceed the maximum period of imprisonment allowed by law for the particular offense," I have difficulty in applying that principle to the present case, wherein the relator was sentenced on one charge and, impliedly, by reason thereof, had sentences suspended in other cases before the court at the same time.

In the present case the statutes aforesaid were not involved. Relator was not placed on probation, but he was committed to a penal institution for an indefinite period of time on one of several bills of indict-

ment, to all of which he had entered pleas of guilty. It is not unusual for a trial judge to suspend the imposition of sentence on other indictments being considered at the same time, after sentence has been imposed on one or more of them, rather than to impose similar sentences in each case and provide for them to run concurrently. I have seen situations wherein a trial judge has had before him as many as one hundred similar indictments against the same defendant at one time. Although these cases involved pleas of guilty, the same practice is followed when sentences follow verdicts of guilty, in which instances appeals may follow the judgments of sentence. If the case in which the sentence is imposed is reversed on appeal, the defendant should not go free on the other charges. I find nothing in the *Duff* case or in any other case to justify his discharge under those circumstances.

I recognize that the original sentence imposed by Judge CARROLL on Bill 847 was illegal since the maximum thereof was beyond that provided by law. However, it must be recognized also that in the judgment of that experienced jurist the maximum which the defendant should serve on all of the indictments before the court at that time was that which he provided. Had Judge CARROLL been aware of the fact that he could not legally impose that maximum in one sentence, he would have done what he did subsequently, which was to impose consecutive sentences on two bills. I find nothing wrong with this practice. The initial action of that court in suspending sentences on five of the bills of indictment was by reason of the fact that the defendant had been sentenced to confinement on one bill for a period sufficiently long to satisfy the demands of society for the six crimes that he had committed. Since the condition of the suspension was not capable of legal performance, the court could properly and legally reconsider the entire matter. No

rights of the defendant would be violated by permitting it to do so and he should not be given the benefit of such a technicality or mistake of law.

When *Commonwealth v. Duff,* 201 Pa. Superior Ct. 387, 192 A. 2d 258 (1963), was before us I had read into the suspensions of sentence an implication that such action was taken by reason of the probation granted in the other case (which probation had been violated by the commission of another crime within the duration of same). Although, by reason of the acts aforesaid relating to probations, our Supreme Court did not accept such an implied inclusion, I am compelled to adopt a similar implication in this case. When a sentence is suspended without probation or without sentence being imposed in any other case, or for other temporary causes as referred to by the Supreme Court in the *Duff* case, I would not hesitate to condemn the practice. However, when either a probation or a sentence is involved in other cases before the court at or about the same time, I have difficulty in justifying the discharge of such defendants simply because the trial court failed to state the reason for suspending the other sentences. In the case of probation the law as stated by our Supreme Court in the *Duff* case is binding. However, that tribunal has not spoken in regard to sentences such as we have before us at this time.

I concur in the result reached by the majority since the corrected maximum sentence on Bill 847 had not expired. I cannot agree that it was error for Judge Carroll to impose a sentence on Bill 848 after rectifying his mistake concerning the maximum term of the sentence on Bill 847.

Flood, J., joins in this concurring and dissenting opinion.