## Commonwealth ex rel. Hoffman, Appellant, *v.* Maroney.

Submitted April 14, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harry Hoffman,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY ERVIN, J., June 11, 1964:

This is an appeal by Harry Hoffman from the denial of a petition for writ of habeas corpus in the court below.

On October 1, 1963 the court below dismissed the writ of habeas corpus and recommitted the relator to the State Correctional Institution at Pittsburgh for the reason that "Petitioner's contentions are substantially repetitious of allegations in the previous Habeas Corpus proceedings. . . ." We might affirm the action of the court below for the same reason but we prefer to base our affirmance on the reasoning set forth in our opinion in *Com. ex rel. Gerchman v. Maroney,* 203 Pa. Superior Ct. 293, 201 A. 2d 319. The constitutional questions raised by the appellant are substantially the same as those raised in the *Gerchman* opinion and need not be repeated in this opinion.

We have carefully read the 38 pages of the appellant's original brief and the 15 pages of his supplemental brief and can find nothing in addition to the constitutional questions except (1) his complaint as to the representation afforded to him in the habeas corpus proceeding by his court appointed counsel and (2) his complaint about the treatment afforded to him by the Department of Welfare.

As to the first contention, the court below said to the appellant: "Mr. Hoffman, Mr. Zamos [Daniel T. Zamos, Esq.] is a very good lawyer, in my opinion one

of the best, and he is a very kind hearted man and if he would believe that you have a legal case I am sure that he would represent you with ability, but there is nothing in the law side of your case. You have to work this out with the Parole Board and all of the motions that you have come in with have not helped you with the Parole Board." The court later stated in reference to Mr. Zamos: "I know that he does have the interest of every prisoner that he represents because I have seen him act, I have observed him for many years, and have the utmost confidence in his good faith and in his ability."

A prisoner's dissatisfaction with his representation by counsel does not constitute grounds for the issuance of a writ of habeas corpus unless counsel's conduct was so prejudicial as to constitute a deprivation of due process: *Com. ex rel. Wherry v. Maroney*, 201 Pa. Superior Ct. 441, 447, 193 A. 2d 839.

This case clearly demonstrates the great necessity for the Barr-Walker Act. The appellant's record is as follows: In December 1943 he was found guilty by a jury of assault and battery with intent to commit rape on a female child, Joan Harper, age 9 years; a new trial was granted and at the second trial he was found guilty and sentenced to six months in the Allegheny County Work House. In 1944 another jury brought in a verdict of guilty on a charge of felonious rape and fornication and bastardy, the victim being Amelia Reseta, age 15, for which he was sentenced to a term of 3 months to 23 months and paroled in November 1944. In 1945 another jury brought in a verdict of guilty on a charge of statutory rape of Rita Hoh, age 11 years, upon which a sentence of not less than 7½ years nor more than 15 years in the Western State Penitentiary was imposed. He was released after serving his minimum term of 7½ years, in October 1952. At the April Term in 1953 another jury brought in a verdict of

guilty of rape committed on Janet Hanric, for which offense he was placed on probation for a ten-year period. While on parole from the sentence imposed in 1945 he committed several more sex offenses. At June Term in 1953 he entered a plea of guilty to a charge of assault and battery with intent to commit rape on one Winona Quiring, age six years. He also entered a plea of guilty to the charge of indecent assault and of administering a drug to the same victim for the purpose of overpowering and stupefying her so as to enable him to commit the felony of rape. For this crime he was sentenced under the Barr-Walker Act to a sentence of one day to life. This record is conclusive proof that jail sentences do not cure sex deviates nor do they deter them from further acts.

As to the appellant's complaint about the treatment afforded to him by the Department of Welfare, we could very well say that such complaint is not a proper subject for consideration in a habeas corpus proceeding: *Com. ex rel. Smith v. Banmiller,* 194 Pa. Superior Ct. 566, 168 A. 2d 793. We chose, however, to contact Mr. Arlin M. Adams, Secretary of Welfare; and were given a report as to the work of his department under the Barr-Walker Act. We are convinced that the department is making a conscientious effort to provide complete and adequate services in an endeavor to effect cures of these unfortunate individuals. Cures are being effected in some cases and not in others. We are convinced that these people are receiving more intelligent attention than they were under the old jail sentences. We hope that the Department of Welfare and the State will spare neither money nor effort to further improve the services being rendered to these people. We are convinced, however, that the principal emphasis of the Barr-Walker Act is upon treatment, cure and rehabilitation. If the desired results cannot be attained in cer-

tain cases, then we are firmly convinced that society must be protected from their attacks.

Order affirmed.

WRIGHT, WOODSIDE, and FLOOD, JJ., concur in the result.