Commonwealth ex rel. Lepera, Appellant, *v.*
Rundle.

Submitted March 15, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Louis Lepera,* appellant, in propria persona.

*Joseph M. Smith* and *Thomas M. Reed,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 15, 1965:

Louis Lepera has appealed from an order of Court of Common Pleas No. 2 of Philadelphia County dismissing his petition for a writ of habeas corpus. It will be necessary to set forth the procedural history in some detail.

On August 5, 1963, appellant was brought to trial before Judge ALEXANDER and a jury on eleven bills of indictment, Nos. 311 to 321 January Sessions 1963, inclusive, charging various offenses alleged to have been committed upon two minor females. On August 7, 1963, at the conclusion of the Commonwealth's testimony, the trial judge sustained a demurrer as to the third count in Bills Nos. 312 and 315, which counts charged assault with intent to ravish. The first and second counts in each of these bills charged, respectively, simple and aggravated assault and battery. Appellant then changed his plea from not guilty to guilty as to the remaining bills, and as to the first two counts on Bills Nos. 312 and 315. Sentence was deferred pending neuro-psychiatric examination and pre-sentence investigation. On August 23, 1963, appellant appeared for sentence. The record indicates that the trial judge made a commendable effort to arrive at a proper result

and felt that a sentence of five to ten years would be appropriate. However, as actually imposed and entered of record effective as of the commitment date, the sentence was two and one-half to five years on Bill No. 312 and two and one-half to five years consecutive on Bill No. 315[1]. Sentence was suspended on all the other bills.

On September 1, 1964, appellant filed in Court of Common Pleas No. 2 a petition for a writ of habeas corpus. A rule to show cause was granted and the matter was referred to the trial judge for disposition. Appellant's petition was based on the ground that the sentence on Bills Nos. 312 and 315 was excessive, because the maximum sentence for aggravated assault and battery under The Penal Code is three years. Act of June 24, 1939, P. L. 872, Section 709, 18 P.S. 4709. Concluding that the point in appellant's petition was well taken, the trial judge, on November 20, 1964, corrected the sentences imposed on Bills Nos. 312 and 315 to read not less than eighteen months nor more than three years. On the same day the trial judge vacated the suspended sentence on Bill No. 321, charging simple assault, aggravated assault, and assault with intent to ravish, and on that bill imposed a sentence of two to four years to run consecutively to the sentences on Bills Nos. 312 and 315. Appellant's petition was then dismissed, and this appeal followed.

The correction of the excessive sentence on Bills Nos. 312 and 315 was entirely proper, even though it was made after the expiration of the term and beyond the thirty-day period provided for in the Act of June 1, 1959, P. L. 342, 12 P.S. 1032. It was not proper, almost fifteen months after sentence on Bill No. 321

---

[1]"The court feels that a minimum sentence of five years minimum to ten years maximum at the Eastern State Penitentiary will be appropriate. . . Make it two and a half to five years on 312 and two and a half to five on 315".

had been suspended, to vacate that suspended sentence and impose a new sentence. The order of the court below must be affirmed, however, since the date of commitment was July 25, 1963, and the maximum period of six years, as corrected, on Bills Nos. 312 and 315 has not yet expired. This appeal is ruled by our decision in *Commonwealth ex rel. Perrotta v. Myers,* 203 Pa. Superior Ct. 287, 201 A. 2d 292; allocatur refused, 203 Pa. Superior Ct. xxxiii.

We are not impressed by the Commonwealth's contention that the holding in the *Perrotta* case should be reconsidered. The import of the action of a court in suspending sentence was before us in *Commonwealth v. Duff,* 201 Pa. Superior Ct. 387, 192 A. 2d 258, and the matter was thoroughly debated. The majority felt that, even though the imposition of sentence had originally been suspended, a prison sentence could thereafter be imposed within a reasonable time not exceeding the maximum term. Three judges including the writer dissented. After granting allocatur, our Supreme Court reversed in a unanimous opinion wherein MR. JUSTICE EAGEN stated: "The practice of indefinitely suspending sentence should be discontinued": *Commonwealth v. Duff,* 414 Pa. 471, 200 A. 2d 773. The Supreme Court decision in the *Duff* case was relied upon as authority for our conclusion in the *Perrotta* case which, as previously indicated, controls the instant appeal.

Order affirmed.

MONTGOMERY, J., concurs in the result.