Commonwealth ex rel. Firmstone, Appellant, *v.*
Myers.

Submitted December 13, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and
HOFFMAN, JJ.

*Nathaniel Firmstone,* appellant, in propria persona.

*Clinton W. Smith,* Second Assistant District Attorney, and *Henry G. Hager, 3rd,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., March 24, 1966:

Appellant, on May 21, 1952, pleaded guilty to charges of aggravated assault and battery at Bill No. 27 December Sessions, 1951, and to charges of burglary and larceny at Bill No. 26 December Sessions, 1951, and was sentenced to consecutive sentences of ten to twenty years. See *Commonwealth ex rel. Firmstone v. Burke,* 175 Pa. Superior Ct. 128, 103 A. 2d 476 (1954).

On the same day, the court reviewed appellant's record and discovered that previously he had entered guilty pleas on the following indictments: No. 78 June Sessions, 1942, Burglary; No. 76 December Sessions, 1942, Burglary; No. 78 December Sessions, 1942, Burglary; and No. 23 March Sessions, 1949, Attempted Burglary. Accordingly, the lower court, in the exercise of its discretion, vacated the previous sentences at Nos. 26 and 27 December Sessions, 1951, and sentenced appellant to life imprisonment under the Habitual Offenders Act, Act of June 24, 1939, P. L. 872, §1108(b), 18 P.S. §5108(b).

Twelve years later, on June 24, 1964, the lower court found that the 1952 life sentence was improper. It decided that since appellant had been denied his right to counsel at the 1942 and 1949 convictions, those convictions could not be considered in determining whether appellant fell within the statutory definition of an Habitual Offender. Consequently, the court revoked the life sentence and directed that appellant be re-sentenced

on the convictions at Nos. 26 and 27 December Sessions, 1951. On July 27, 1964, the court re-sentenced appellant to six to twelve years at No. 27 December Sessions, 1951, and six to twenty years at No. 26 December Sessions, 1951, said sentences to be consecutive. The validity of the re-sentencing on Bills Nos. 26 and 27 December Sessions, 1951, is the sole issue presented by this appeal.

Appellant contends that the court had no power to re-sentence him on Bills Nos. 26 and 27 December Sessions, 1951, after the term in which sentence was originally imposed. He claims that this is especially true when, as here, the initial sentences on these bills were vacated at the time of the imposition of the life sentence. On this basis, he argues that he should now be set free. The lower court refused appellant's petition. We similarly find no merit in appellant's contentions.

The general rule is that a court has no authority to alter a sentence, either by increasing or reducing the punishment imposed, after the term at which the defendant was convicted, *Commonwealth ex rel. Nagle v. Myers,* 191 Pa. Superior Ct. 495, 499, 159 A. 2d 261, 263 (1960), or after the expiration of the thirty-day period provided for in the *Act of June 1, 1959,* P. L. 342, §1, 12 P.S. §1032. However, a court may correct an illegal sentence even though the correction is made after the term in which the original sentence was imposed. *Commonwealth ex rel. Perrotta v. Myers,* 203 Pa. Superior Ct. 287, 289-290, 201 A. 2d 292, 293 (1964) ; *Commonwealth v. Swingle,* 403 Pa. 293, 297, 169 A. 2d 871, 872 (1961).

The Supreme Court of Pennsylvania was presented with a problem similar to ours in *Commonwealth ex rel. Turpack v. Ashe,* 339 Pa. 403, 15 A. 2d 359 (1940). Defendant Turpack had been convicted of four offenses committed on the same date. The lower court imposed a life sentence for the fourth offense, in addition to sentences for the other three offenses. Eight years

later Turpack filed a petition for writ of habeas corpus. The Supreme Court, after reviewing this case, found that the life sentence was improper. On this basis it vacated the life sentence and directed the lower court to re-sentence the prisoner on the fourth conviction according to law. See also *Commonwealth v. Swingle,* supra.

The fact that the original sentences on Bills Nos. 26 and 27 December Sessions, 1951, were vacated when the life sentence was imposed in no way bars the re-imposition of sentences on those bills. The vacating of the initial sentences was an inherent and necessary part of the sentencing procedure under the Habitual Offenders Act. It is required by the Act of June 24, 1939, P. L. 872, §1108(d), 18 P.S. §5108(d). When the life sentence was revoked as invalid, so too was any portion of the order vacating the original sentences. See *Commonwealth v. Sutton,* 125 Pa. Superior Ct. 407, 189 A. 556 (1937). ;

We conclude, therefore, that it was perfectly proper for the court to correct the sentence on Bills Nos. 26 and 27 December Sessions, 1951, even though the correction was made after the term in which the original sentence was imposed.

Order affirmed.