Commonwealth *v.* Hoffman, Appellant.

Argued April 10, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Marjorie Hanson Matson,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., June 16, 1967:

We are here concerned with two appeals by Harry Hoffman at April Term 1967 from judgments entered October 20, 1966, in the Court of Oyer and Terminer and Quarter Sessions of Allegheny County. Appeal No. 21 is from a sentence of imprisonment for five years, effective February 1, 1958, on Bill of Indictment No. 49 June Sessions 1953 charging the unlawful administering of drugs as proscribed by Section 717 of

The Penal Code. Act of June 24, 1939, P. L. 872, 18 P.S. 4717. Appeal No. 42 is from a sentence of imprisonment for not less than two and one-half nor more than five years on Bill of Indictment No. 47 June Sessions 1953 charging assault with intent to ravish as proscribed by Section 722 of the Code, 18 P.S. 4722, to begin and take effect upon the expiration of the sentence imposed on Bill No. 49. It will be necessary to briefly summarize the procedural history.

On February 15, 1954, appellant pleaded guilty on Bill No. 47, and was convicted after trial nonjury on Bill No. 49.[1] On April 6, 1954, he was sentenced on Bill No. 47 for an indeterminate term of one day to life under the Barr-Walker Act. Bill No. 49 was disposed of as follows: "Now, April 6th, 1954, sentence suspended by reason of sentence imposed on No. 47 June Sessions 1953". Appellant made numerous efforts to challenge his confinement. On June 11, 1964, this court affirmed the denial of a petition for writ of habeas corpus: *Commonwealth ex rel. Hoffman v. Maroney*, 203 Pa. Superior Ct. 303, 201 A. 2d 263, allocatur denied, 203 Pa. Superior Ct. xxxiii. Thereafter a petition for a writ of habeas corpus was filed in the United States District Court, which tribunal entered an order that appellant be discharged from custody unless the Commonwealth resentenced him in a proceeding consistent with the requirements of *United States ex rel. Gerchman v. Maroney*, 355 F. 2d 302. Following an appeal from that order by the Commonwealth, an agreement was reached between court and counsel that the appeal be withdrawn and the petition for writ of habeas corpus be denied without prejudice for the purpose of permitting reconsideration by the court below in the light of the *Gerchman* decision. Appellant

---

[1] Appellant also pleaded guilty on Bill No. 46 charging indecent assault. The court below ultimately concluded that this charge merged with the charge in Bill No. 47.

then filed a petition under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. 1180, as a result of which the court below, on June 28, 1966, vacated the Barr-Walker sentence which it had imposed on Bill No. 47. At the same time the court below vacated the suspension of sentence on Bill No. 49. Sentence was deferred on both bills pending psychiatric examination. Because of appellant's refusal on advice of counsel to answer any questions, he was, on September 14, 1966, adjudged guilty of contempt and sentenced to the Allegheny County jail. On the same day he filed an appeal in the Supreme Court at No. 29 March Term 1967. In an effort to secure disposition of the pending indictments, appellant then applied to the United States District Court for a writ of habeas corpus. Thereafter the court below terminated the sentence for contempt and imposed the sentences which are set forth in the first paragraph of this opinion.

Appellant initially appealed to this court only from the judgment on Bill No. 49. He applied for a supersedeas which was refused. An application was then made to our Supreme Court which ordered that the appeal in this court should act as a supersedeas, and further directed that appellant be released from custody upon filing bond in the amount of $1000.00. We were informed at oral argument that this bond was filed, and that appellant is not presently under confinement. An appeal was later taken from the judgment on Bill No. 47 in order that the entire sentencing procedure should be before this court. However, appellant concedes that the court below had power to resentence on Bill No. 47. If the sentence on Bill No. 49 is invalid, as appellant here contends, he will have served considerably longer than the maximum term imposed on Bill No. 47, and will therefore be entitled to immediate discharge.

The pivotal issue before us is whether the court below had power to resentence on Bill No. 49. The offense charged in this bill warranted a maximum sentence of five years. As hereinabove set forth, sentence was originally suspended on Bill No. 49 by reason of the Barr-Walker sentence imposed on Bill No. 47. The court below concluded that the vacation of the sentence on Bill No. 47 "has removed the reason" for the suspension of sentence on Bill No. 49, and that it was legally proper to belatedly impose sentence on the latter bill. To the contrary, we adhere to the view that, where a sentence has been indefinitely suspended on an indictment for a criminal offense, the trial judge may not, unless within the same term of court, vacate the suspension and impose sentence thereafter.

The question of the effect to be given to an indefinite suspension of sentence was before this court in *Commonwealth v. Duff*, 201 Pa. Superior Ct. 387, 192 A. 2d 258. The majority was of the opinion that, when a trial court suspended the imposition of sentence without fixing terms of probation, it could for proper reasons impose a prison sentence within a reasonable time thereafter if it did so within the maximum term which could have been imposed for the offense. Three judges including the writer dissented. This decision was reversed by our Supreme Court in *Commonwealth v. Duff*, 414 Pa. 471, 200 A. 2d 773, wherein Mr. Justice EAGEN, speaking for a unanimous court, condemned the practice of indefinitely suspending sentences. The *Duff* case was followed in this court by the cases of *Commonwealth ex rel. Perrotta v. Myers*, 203 Pa. Superior Ct. 287, 201 A. 2d 292, and *Commonwealth ex rel. Lepera v. Rundle*, 205 Pa. Superior Ct. 251, 208 A. 2d 874. In each of those cases, simply stated, there were companion Bills A and B. An initial suspension of sentence on Bill A was later vacated and prison sentence imposed following a correction of the sentence

on Bill B. We held that the correction of the sentence on Bill B was proper, but that the sentence belatedly imposed on Bill A was invalid.

Our most recent case on the general subject is *Commonwealth ex rel. Speaks v. Rundle*, 209 Pa. Superior Ct. 227, 224 A. 2d 805. While this case is discussed at some length in both briefs, the factual situation differs materially from that in the instant case. In *Speaks* the defendant was found guilty on fifty bills of indictment, on one of which, No. 938, he was given a Barr-Walker sentence. On each of the other forty-nine bills the trial judge wrote "See sentence on Bill No. 938". Following the vacation of the sentence on Bill No. 938, the trial judge imposed sentence on each of two of the other bills. The Court of Common Pleas subsequently granted the petition of Speaks for a writ of habeas corpus, and directed his discharge. Upon appeal by the Commonwealth this court reversed. Our decision was based on the ground that the trial judge had not suspended sentence on the remaining bills, wherefore the *Duff* case did not control. The *Speaks* case does not support affirmance of the sentence presently under consideration.

To summarize, we hold that the belated imposition of sentence on Bill No. 49 was void. Although the term of this invalid sentence has already been served, appellant is entitled to have it set aside since the court below directed that the valid sentence on Bill No. 47 should run consecutively. See *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A. 2d 233. It becomes unnecessary to pass upon appellant's second contention that the imposition of sentence more than twelve years after the adjudication of guilt deprived him of his constitutional right to a speedy trial.

In appeal No. 42 April Term 1967 the judgment of sentence is affirmed. In appeal No. 21 April Term 1967 the judgment of sentence is reversed, and it is directed that appellant be forthwith discharged.