**UNITED STATES of America ex rel. Clinton COX**

v.

**Harry E. RUSSELL.**

**Misc. No. 3719.**

United States District Court
E. D. Pennsylvania.

April 4, 1968.

Clinton Cox, in pro. per.

No appearance for respondent.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The relator has filed a petition for a writ of habeas corpus alleging that his 1964 conviction for common law and statutory rape was illegal. He received a sentence of 5 to 10 years imprisonment on the statutory rape conviction only; sentence was suspended on the conviction of the common law offense.[1] The allegations of error are discussed, as follows:

### I.

### PROCEDURAL ISSUES.

A. *Exhaustion of State Remedies.*

After his conviction, the relator, with representation of counsel, filed a motion for a new trial. However, it was denied on October 28, 1964. There was no appeal. The relator then filed two petitions for writs of habeas corpus;[2] the latter resulted in obtaining leave to appeal *Nunc Pro Tunc*. On appeal, the Superior Court affirmed.[3] Although no petitions were filed under the Pennsylvania Post Conviction Hearing Act, 19 P.S.Pa. § 1180–1 et seq., the relator's state remedies have been exhausted, since the ruling on the merits by the Superior Court has foreclosed any further consideration by a State Court, under the Act. 19 P.S.Pa. § 1180–4(a) (2). Consequently, the requirements for exhaustion of state remedies as specified in 2254(b) and (c) of the Judicial Code have clearly been fulfilled.

1. Bills of indictment Nos. 68, 69, 70, May Sessions 1964. However the judgment on No. 68, (corrupting the morals of a minor) was reversed by the Superior Court on March 23, 1967; Commonwealth v. Cox, 209 Pa.Super. 457, 228 A.2d 30.

2. Habeas Corpus Petition No. 4031 March Term, 1965, Court of Common Pleas No. 2, decided June 11, 1965; Habeas Corpus Petition No. 26, March Term, 1966, Court of Common Pleas No. 1, decided October 3, 1967.

3. Subsequent appeal to the Supreme Court of Pennsylvania was denied, on July 14, 1967 without hearing.

## B. *Requirement for a Hearing.*

█ In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) the Supreme Court held that a federal court must grant a hearing to resolve factual issues, if it is apparent that the fact-finding procedure which the state court utilized, was not adequate to provide a full and fair hearing:

> Even where the procedure employed [by the state court] does not violate the Constitution, if it appears to be seriously inadequate for the ascertainment of the truth, it is the federal judge's duty to disregard the state findings and take evidence anew. Supra, at p. 316, 83 S.Ct. at p. 759.

This statement essentially synopsizes the subsequent Congressional enactment of the 1966 amendment to the Habeas Corpus Act, 28 U.S.C. § 2254(d), regarding the circumstances under which an evidentiary hearing is required. See also United States ex rel. Ackerman v. Russell, 388 F.2d 21 (3rd Cir. 1968).

█ Although the relator has raised allegations of error which may properly be characterized as factual, the five transcripts of record which we have carefully examined, together with the rather exhaustive findings of the Superior Court of Pennsylvania which appear in its Opinion of March 23, 1967, preclude the necessity of an additional factual hearing regarding the issues to be discussed in this Opinion. This is in keeping with the observation of the Chief Justice that if the District Judge:

> * * * concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing. Townsend v. Sain, supra, 372 U.S. at 318, 83 S.Ct. at 760.

4. See Trial N.T. pp. 9–11.

5. See Trial N.T. pp. 15–16.

## II.

### SUBSTANTIVE ISSUES.

#### A. *Sufficiency of the Evidence.*

█ The relator initially contends that there was insufficient evidence to support the charge of rape (statutory or otherwise). We disagree. In addition to the rather precise testimony of the 13 year old victim, wherein she clearly identified the relator as her attacker,[4] there was ample corroboration by other witnesses or evidence; for example, the condition of the relator's trousers when suddenly accosted by the police,[5] a few moments after the crime had transpired. In addition, the statement by the victim that she was forced at the point of a knife to remove her underclothing and submit to the relator's demands,[6] was substantiated in part by the fact that the relator was apprehended with "a knife in his hand".[7] Since there was sufficient evidence to sustain a finding by a jury that the crimes as charged had been committed by the relator, the trial judge was clearly correct in permitting the case to go to the jury. Commonwealth v. Beati, 86 Pa.Super. 567 (1926).

#### B. *Merger of Offenses.*

The relator contends that a simultaneous conviction for common law and statutory rape arising out of the same incident, is illegal. However, since sentence has been suspended in the common law charge (No. 69), the question has become academic; it is clear that under Pennsylvania law, the 1964 suspension may not now be vacated, and sentence imposed. Commonwealth v. Duff, 414 Pa. 471, 200 A.2d 773 (1964); Commonwealth v. Garrett, 423 Pa. 8, 222 A.2d 902 (1966); Commonwealth v. Hoffmann, 210 Pa. Super. 48, 232 A.2d 19 (1967); Commonwealth ex rel. Speaks v. Rundle, 209 Pa. Super. 227, 224 A.2d 805 (1966); Commonwealth ex rel. Lepera v. Rundle, 205 Pa.Super. 251, 208 A.2d 874 (1965);

6. See Trial N.T. p. 10.

7. See Trial N.T. p. 19.

Commonwealth ex rel. Perrotti v. Myers, 203 Pa.Super. 287, 201 A.2d 292 (1964).

Since there is no possibility that the sentence, as it presently reads, may be increased by vacating the suspended sentence and substituting therefor an additional term of imprisonment, there is no reversible error. It was certainly not error to permit the jury to determine the question of the relator's guilt as to both common law and statutory rape; the elements of the crimes are sufficiently distinct that they could have conceivably found the relator guilty of either one while acquitting him of the other. But since he has been sentenced on only one indictment, there is no basis for establishing error. We therefore conclude that a conviction for common law and statutory rape is not *per se* unlawful.

### C. *Exclusion of Evidence.*

It is contended that the exclusion of a certain medical report which would have demonstrated that the victim's female organs were not injured, was reversible error. However, we agree with the observation of the Superior Court that had the report been produced in a timely manner, it could not have affected the outcome of the case.

The probative value of the report was brought to the attention of the jury by the relator's counsel, who stated:[8]

As to the hospital report, it merely states there was no spermatazoa present, which means if there was a rape, there was no climax. There is no testimony that the girl was injured, bruised, no redness, penetration, none of this was brought by the Commonwealth, who has the burden to show that this man is guilty beyond a reasonable doubt.

In Hagopian v. Eskandarian, 396 Pa. 401, 407, 153 A.2d 897 (1959) cert. den. 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960), the test which must be applied in ascertaining whether after-acquired evidence such as the hospital report in question, warrants a new trial was stated as follows:

[the evidence] * * * must have been discovered after the trial [and] be such that it could not have been obtained at the trial by reasonable diligence [and] must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result.[9]

Had this report been produced in a timely manner, it would only have demonstrated a negative fact, i. e., the absence of bruises, marks, etc. Since physical harm is not an element of either common law or statutory rape, its sole advantage would have been to attack the credibility of the victim as a witness. But since she never asserted that any injury to her female organs was sustained, the report would not even serve this limited function.[10] In addition, since the absence of injury was brought to the attention of the jury, by way of defense counsel, the Superior Court was correct in concluding that the contents of the report, if admitted in a timely manner, would not have "compelled" a different result.[11]

### D. *Omission from Charge.*

The relator contends that the trial judge erred in failing to charge the jury that anal intercourse does not constitute rape.

Although this may be a correct statement of the law, we have observed from an examination of the transcript that the relator based his defense on a denial of any contact whatsoever

---

8. See Trial N.T. p. 59.

9. See also Commonwealth v. Schuck, 401 Pa. 222, 229, 164 A.2d 13 (1960).

10. See Trial N.T. pp. 6–15.

11. Parenthetically, we are convinced after reading the trial transcript and the post-conviction transcripts, that the failure to produce the hospital report in question was solely the result of inadvertence and misunderstanding of counsel. See, e. g. Trial N.T. pp. 53–54; Habeas Corpus N.T. pp. 3–6, September 27, 1966.

with the victim.[12] Since the question of sodomy or anal intercourse never arose, the trial judge was quite correct in protecting the jury from confusion by so charging. The relator cannot rely upon one defense during trial and subsequently adopt for the first time on appeal, an inconsistent position, i. e., that he never touched the victim. In addition, we also note that the Superior Court determined that no such charge was requested by counsel at trial.

### E. *Failure to Comment on Facts.*

It is again alleged that the charge to the jury was erroneous, since it failed to point out any inconsistencies in the victim's testimony.

 The question of the credibility of a witness is exclusively a question for the jury. Commonwealth v. Turner, 371 Pa. 417, 88 A.2d 915, 32 A.L.R.2d 346 (1952); Commonwealth v. Ramstedt, 113 Pa.Super. 548, 173 A. 772 (1934); Commonwealth v. Katz, 138 Pa.Super. 50, 10 A.2d 49 (1940); Commonwealth v. Carpenter, 172 Pa.Super. 271, 94 A.2d 74 (1953). The function of the trial judge is fulfilled at such time as the law regarding credibility of witness is brought to the attention of the jury, although he may comment on its application to the testimony in the case, if he desires. Commonwealth v. Zeid, 206 Pa. Super. 13, 211 A.2d 285 (1965). But this is clearly a matter of discretion. Commonwealth v. Walker, 178 Pa.Super. 522, 116 A.2d 230 (1955); Common-

wealth v. Wertheimer, 23 Pa.Super. 192 (1903). In the instant case, we conclude that the charge of the trial judge regarding credibility of witnesses was most adequate.[13]

### F. *Biased Charge.*

 It is alleged that the charge of the trial judge was slanted in favor of the prosecution. We cannot agree. Suffice to say that a complete examination of the charge does not substantiate this conclusion.[14]

### III.
### STATE HABEAS CORPUS HEARING.

Finally, it is contended that the hearing pursuant to the relator's habeas corpus petition before the Court of Oyer and Terminer[15] was fraught with error; specifically that the relator was deprived of his right to a fair hearing and a just and honest decision, as a result of trickery and unconstitutional treatment.

 Again, an examination of the transcript of that proceeding fails to substantiate the relator's allegations. We have observed also that this was not raised in the subsequent proceeding before the Superior Court.[16] Consequently, we must conclude that the relator has waived all further pursuit of this allegation.

### ORDER

And now, this 4th day of April 1968, for the reasons stated above, the petition for a writ of Habeas Corpus is denied.[17]

---

12. See, e. g. Trial N.T. p. 43:
 Q. [By Defense Counsel] Did you molest or touch her in anyway?
 A. [By Defendant] Sir, I have never had anything at all to do with her whatsoever. * * *

13. See Trial N.T. pp. 66–73.

14. See Trial N.T. pp. 65–87.

15. Habeas Corpus No. 26, March Session 1966, September 22, 1966.

16. Commonwealth v. Cox, 209 Pa.Super. 457, 228 A.2d 30 (1967).

17. In my opinion, there is not sufficient basis for issuance of a Certificate of Probable Cause. Fitzsimmons v. Yeager, 391 F.2d 849, (3rd Cir. 1968).