## COMMONWEALTH v. FRANK PRICKETT.

132      371
f37SC ¹  9

132    371
f39SC⁴404

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER
SESSIONS OF MONTGOMERY COUNTY.

[Argued February 7, 1890—Decided February 17, 1890.]
[To be reported.]

1. If there is one count in an indictment which sustains the sentence pronounced, on a conviction upon several counts, and the record is regular, the judgment cannot be reversed, even though the sentence might be erroneous if based upon the other counts.

2. Where one count of an indictment charges the sale of liquors without a license, generally, and others charge the defendant, a druggist, with violations of § 16, act of May 13, 1887, P. L. 113, and a verdict of guilty on all the counts is rendered, the indictment will sustain a sentence for selling without license.

3. Druggists, strictly speaking, are not licensed venders of liquor, under the act of May 13, 1887, P. L. 113; but, whether a druggist, convicted simply of violating the provisions of § 16, of said act, should be sentenced as an unlicensed vender under the first provision, or as a licensed vender under the second provision of § 15, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 109 January Term 1890, Sup. Ct.; court below, No. 10 October Term 1889, Q. S.

On June 5, 1889, the grand jury returned as a true bill an indictment in four counts charging Frank Prickett with violations of the liquor laws. The first count charged a sale of liquors without license; the second, that the defendant being a druggist and apothecary, unlawfully sold intoxicating liquors to be used as a beverage, without the written prescription of a physician and without a license; and the third, that the defendant being a druggist and apothecary, did unlawfully sell and furnish to certain persons, vinous, spirituous, malt and brewed liquors, more than once upon the same physician's prescription, without first having obtained a license for that purpose. The fourth count charged the defendant with unlawfully selling liquor on Sunday. The defendant pleaded not guilty.

The indictment was tried October 7, 1889.   The testimony adduced was not printed in the paper-books.   The court, WEAND, J., charged the jury, in part, as follows:

The defendant has been indicted for a violation of the liquor laws of this commonwealth by having as a druggist, sold intoxicating liquors without the written prescription of a regularly registered physician.   He has a drug store at Rosemont; and, according to the testimony of L. E. Kershaw, J. Elliot, C. K. Moore, Andrew Steel and Mrs. Anna McAllister, he sold them whiskey without such prescription.   If, then, you believe all or either of these witnesses, he can be convicted. He denies, however, and so does his clerk, Mr. Murray, that they did so sell, and claims that no sales were made to these persons except upon prescription.   If defendant and his clerk are to be believed, there ought not to be a conviction.

The character of Kershaw, the witness, is attacked, but there are three others who are not assailed, and one of these, Mr. Moore, corroborates Kershaw.   Mrs. McAllister, however, testifies distinctly that she bought liquor there three times, and only had two prescriptions; and that on the third occasion she got it on the old prescriptions.   If this is so, the defendant is guilty, as the law only allows a single sale on any one prescription. . . . .

The jury rendered a verdict of guilty upon the first, second and third counts, and not guilty as to the other count.   On November 11, 1889, a motion for a new trial having been withdrawn, the court sentenced the defendant to pay a fine of $500 to the commonwealth, to pay the costs of prosecution, and to undergo an imprisonment in the county jail for the period of three months from the date of sentence, and stand committed until the sentence should be complied with; exception.[2]   Thereupon the defendant, having obtained a special allowance, took this appeal, assigning for error:

1. The sentencing of the defendant to an imprisonment for three months.

2. The sentence of the court as passed.[2]

*Mr. George N. Corson,* for the appellant:

Our contention is that a druggist who is convicted under

§ 16, act of May 13, 1887, P. L. 113, must be sentenced as a licensed vender, under the second paragraph of § 15 of that act, and not as an unlicensed vender, under the first paragraph of said section. A druggist is licensed by the act itself. He must comply with all the laws relating to druggists, and is a licensed vender. If there is any doubt about it, the doubt must be determined in the defendant's favor. Laws creating crimes before unknown, are to be construed most strongly against the state and in favor of the accused: Wharton's Cr. Law, 8th ed., 28. The evidence was not reported, but the charge of the court shows that the defendant was tried and convicted as a druggist only.

*Mr. B. E. Chain* (with him *Mr. H. M. Brownback*, District Attorney, and *Mr. J. A. Strassburger*), for the appellee:

Inasmuch as the defendant was convicted under the first count of selling liquors without a license, the sentence was unquestionably correct. The sixteenth section of the act of May 13, 1887, P. L. 113, after authorizing druggists to sell upon the written prescription of a physician, provides that for a violation of its provisions they shall be subject to "the same penalties as are provided in the 15th section." What are those penalties? Evidently, the penalties to which persons selling without a license granted by the Court of Quarter Sessions are subjected. In selling in any other mode than that allowed by the act, viz.: on the prescription of a regularly registered physician, a druggist is an authorized vender. That the word, license, as used in § 15, means a license granted by the court, is clear from the fact that in every other part of the act where it appears, it is plainly so used, and from the fact that the additional penalty of ineligibility to be again licensed is imposed upon licensed venders convicted of more than one offence against the act. How could this penalty be enforced against druggists? This makes it clear that they are not included among licensed venders.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant was convicted upon the first, second and third counts of the indictment. The first count charged him generally with selling liquor without a license; the second, with

selling as a druggist without a written prescription of a regularly registered physician; while the third charged him with selling more than once upon the same prescription. The defendant was sentenced to pay a fine of $500, and to undergo an imprisonment of three months in the county jail, under the first paragraph of the fifteenth section of the act of 1887, which prescribes the punishment for selling liquor without a license; whereas, he contends that his sentence should have been under the second paragraph of said section, which provides that " any person having license who shall hereafter be convicted of violating any of the provisions of the license laws shall be subjected to a fine of not less than one hundred, nor more than five hundred dollars," etc. It was contended that the defendant, being a druggist, must be treated as a licensed person, and for an unlawful sale must be punished, as before stated, under the second paragraph of section fifteen.

But druggists, strictly speaking, are not licensed. They are not required to take out a license; they may sell in the manner indicated in the act, and, if charged with selling liquor unlawfully, can only defend by showing that the sale was upon a physician's prescription. We are not called upon to discuss this question, much less to decide it, as it is not raised by the record. It is a rule, almost as old as the common law, that if there is one count in the indictment which will sustain the sentence, it cannot be reversed. The first count, as before stated, is for selling liquor, generally, without a license; and it is conceded that for this offence the appropriate sentence was imposed. There is not a word of the evidence here; we have nothing but the record, and that sustains the judgment. The opinion of the court was relied upon as showing the facts of the case, but the opinion is no part of the record, and is not properly before us. Even if it were here legally, it would not avail the defendant, as it only shows what no one disputes, and what appears by the indictment itself, that he was indicted as a druggist. But it also shows, and the first count thereof distinctly charges him with the sale of liquor generally without a license. He was convicted upon this count, and we cannot assume, in the absence of the testimony, that he was convicted without evidence. In view of the manner in which the case is

Statement of Facts.

presented, there is but one thing we can possibly do, and that is to affirm the judgment.

> The judgment is affirmed, and it is now ordered that Frank Prickett, the appellant, surrender himself forthwith to the custody of the keeper of the Montgomery county prison, there to serve out the sentence imposed upon him by the court below.