Commonwealth ex rel. Walls, Appellant, *v.* Maroney.

Submitted October 2, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Eugene D. Walls,* appellant, in propria persona.

*Louis Abromson,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

On October 21, 1954, the appellant, Eugene David Walls, was convicted by a jury of murder in the first degree with punishment fixed at life imprisonment. At trial, he was represented by court-appointed counsel, one of whom had previously served as a common pleas judge and an assistant district attorney. No post trial motions were filed, nor was an appeal taken from the judgment of sentence.

On March 11, 1964, an action in habeas corpus was instituted. Court-appointed counsel again represented the appellant in this proceeding. After answer filed, the court below denied the writ without hearing. An appeal from this order is presently before us.

The uncontradicted evidence presented by the Commonwealth at trial warranted the jury in finding that during the evening of November 19, 1953, the appellant Walls and one Oscar Brewster accidentally met for the first time in a bar in Butler, Pennsylvania;

that being without funds, they decided to make some easy money; that they then stole an automobile in Butler and drove to Brewster's home to secure some guns; that following this, armed with a .22 caliber rifle and a .32 caliber revolver, they drove the stolen automobile to a tavern in Sewickley Township, Allegheny County; that after being in the tavern a short period of time, Brewster, brandishing the revolver, announced "this is a stickup," and directed the patrons to turn over their wallets; that some of those present placed wallets and money on the bar; that at or about this time, Walls walked out of the tavern and entered the stolen automobile parked in front; that as Brewster attempted to pick up the wallets and the money, one of the patrons knocked the gun out of his hand, and with the help of another patron started to struggle with and pummel Brewster; that as the struggle continued immediately inside the front entrance, the appellant Walls, still seated outside in the automobile, picked up the rifle, pointed it through the automobile window in the direction of the front door of the tavern, and pulled the trigger; that the discharged bullet from Wall's rifle struck the head of one of the patrons engaged in the struggle, causing the injury which resulted in his death on November 26th, seven days later.

In the confusion that followed, Brewster and Walls escaped in the stolen automobile and drove to Tennessee. They returned to Butler a few days later, and abandoned the automobile in a wooded area after they had attempted to set it on fire to destroy any fingerprints or other telltale evidence. The automobile was located by the police on November 24th.

None of those present in the tavern at the time of the holdup knew the identity of Walls or Brewster. After days of police investigation, the finger of suspicion pointed at Brewster and he was taken into custody on November 30th. Brewster admitted his guilt, but did not know the name or address of the other

man involved. After describing his companion of the night in question, he was shown several photographs and finally identified one of Jesse R. Cricks. The latter was located in his own home where he was sick in bed, suffering from pneumonia. Brewster was taken to the bedside of Cricks and identified him as the other man involved. By coincidence, Cricks strongly resembled Walls and the mistaken identification was an honest one. After further investigation, the police exonerated Cricks and gained information which indicated Walls was the other man wanted. He was finally apprehended on December 4th, and readily admitted being the one who did the shooting, but plead that the result was purely accidental. He also denied any participation in the holdup. His statement was stenotyped, subsequently signed by the appellant, and admitted in evidence at trial without objection.

Appellant's first complaint is that he was illegally taken and detained in custody without the issuance of an arrest warrant. It is well established that an arrest may be made by a police officer where he has reasonable and probable cause to believe that the person arrested has committed a felony: *Henry v. United States*, 361 U. S. 98 (1959). "Probable cause . . . exists 'where "the facts and circumstances within their [the (arresting) officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been . . . committed.' (citing cases)": *Ker v. California*, 374 U. S. 23, 35 (1963); see also, *Henry v. United States*, supra. The record in this case discloses ample evidence to sustain a finding that the arresting police officers had reasonable and probable cause to believe that the appellant was involved in the crime in question.

The appellant next complains that he was denied a preliminary hearing before a magistrate. The record

discloses that he was held for action by the grand jury as the result of a hearing or inquest conducted by the coroner of Allegheny County on November 26, 1953, and January 14, 1954. There is no common law, statutory or constitutional right to a preliminary hearing. See, *Goldsby v. United States,* 160 U. S. 70 (1895); *Van Dam v. United States,* 23 F. 2d 235 (1928); *Yodock v. United States,* 97 F. Supp. 307 (1951); *United States v. Gray,* 87 F. Supp. 436 (1949); *Comm. v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956); and, 22 C.J.S. Criminal Law §332 (1940). However, the right of an accused to a preliminary hearing, with some exceptions (none pertinent here), has become part of the law in this Commonwealth. But, a defendant is not denied any of his rights because of the absence of a preliminary hearing, where there has been a coroner's inquest: *Com. ex rel. Bandi v. Ashe,* 367 Pa. 234, 80 A. 2d 62 (1951). Moreover, mere irregularities in the arrest or proceedings before indictment, which do not constitute a denial of constitutional rights, cannot be raised for the first time in habeas corpus after conviction and sentence. See, *Com. 'ex rel. Gist v. Banmiller,* 398 Pa. 162, 157 A. 2d 166 (1960); *Com. ex rel. Romano v. Banmiller,* 397 Pa. 606, 156 A. 2d 825 (1959); *Com. v. Brennan,* 193 Pa. 567, 44 A. 498 (1899); *Com. ex rel. Musser v. Day,* 180 Pa. Superior Ct. 191, 119 A. 2d 811 (1956); and, *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360 (1949).

The appellant next complains that he was not afforded the assistance of counsel at the coroner's inquest. A study of the record discloses that nothing that occurred at that hearing was introduced in evidence at the trial on the indictment, or in any way entered into the jury's determination of his guilt or innocence. Under the circumstances, no violation of constitutional rights occurred. See, *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964).

Appellant next complains that the jury in returning its verdict did not "fix" the punishment at life imprisonment, but rather "recommended" such punishment. Under the Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701, where a defendant pleads "not guilty" to a murder indictment, it becomes the duty of the jury in the event a verdict of guilty of murder in the first degree is returned to *fix* the penalty at life imprisonment or death. See, *Com. v. Homeyer*, 373 Pa. 150, 94 A. 2d 743 (1953); *Com. v. Petrillo*, 338 Pa. 65, 12 A. 2d 317 (1940). While "fixing" and "recommending" are substantially different, there is no question of what the jury intended. Further, no objection to the form of the verdict was voiced or noted of record. The question was not raised in post trial motions or on appeal from the judgment. Under the circumstances, such an irregularity cannot now be raised for the first time in habeas corpus many years after the conviction and sentence.

Appellant next complains that he was denied due process of law and a fair trial, because the trial court permitted in evidence the record of a prior criminal conviction for the limited purpose of aiding the jury in fixing the penalty in the event of a first degree verdict. This does not constitute error. See, *Com. v. Coyle*, 415 Pa. 379, 203 A. 2d 782 (1964).

Finally, complaint is made of alleged errors in the trial court's instructions to the jury. A study of the charge manifests no error. Further, in view of the nature of the alleged errors, it is clear that this action, at least in this respect, is being utilized as a substitute for an appeal. This cannot be done. See, *Com. ex rel. Wilkins v. Banmiller*, 401 Pa. 347, 164 A. 2d 333 (1960), and *Com. ex rel. Kennedy v. Myers*, 393 Pa. 535, 143 A. 2d 660 (1958).

Order affirmed.

Mr. Justice COHEN dissents.