Commonwealth ex rel. Bronzell, Appellant, *v.* Myers.

Submitted March 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Curtis Bronzell,* appellant, in propria persona.

*Armand Della Porta* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., April 15, 1965:

Relator's petition for a writ of habeas corpus was dismissed without a hearing and this appeal followed. It raises but two questions, viz.: (a) Was relator denied due process by the refusal of his counsel's motion for a continuance, and (b) was he denied due process because his counsel represented relator as well as his two codefendants.

The record establishes the facts and therefore a hearing on the petition was unnecessary. *Commonwealth ex rel. Dickerson v. Rundle*, 411 Pa. 651, 192 A. 2d 347 (1963), cert. denied, 84 S. Ct. 214, 375 U.S. 915, 11 L. Ed. 2d 154. Furthermore, relator admits in his brief that the essential facts are not in dispute. Relator and two associates were arrested on February 16, 1962, and subsequently indicted for aggravated robberies, aggravated assault and battery, carrying concealed weapons and conspiracy. As relator was an indigent the lower court assigned his case to the Philadelphia Defender Association and Julian Brereton, Esquire, of that office, was designated to handle his case. Mr. Brereton consulted with relator at the Philadelphia County Prison on February 28, 1962, prior to the return of the indictments by the grand jury which occurred on March 6, 1962. Relator was arraigned on April 11, at which time his case was set for trial on April 25, 1962. Until April 11 there was some indication by relator that he intended to secure private counsel but, following his arraignment on that date, that uncertainty disappeared and the office of the Defender proceeded to handle the case and that of his two co-defendants. On the day set for the trial the case was not reached but was continued to May 16, 1962, on which day Mr. Brereton requested a further continuance of the cases. This request was refused and the cases proceeded to trial with Mr. Brereton representing the three defendants. Verdicts of guilty were entered against all defendants, on which sentences were subsequently imposed.

From the foregoing statement it appears clear that Mr. Brereton had over a month to prepare relator's case, i.e., from at least April 11, 1962, until May 16, 1962, although he had been assigned to it previously. It may be reasonably concluded that he may not have done much about investigating and preparing it prior

to April 11 because of the relator's uncertainty about securing private counsel. Whether the period from April 11 to May 16 was a reasonable time to enable Mr. Brereton to prepare relator's case was a matter that rested solely in the discretion of the lower court and unless that discretion was abused its order may not be overruled. *Commonwealth v. Wheeler,* 200 Pa. Superior Ct. 284, 189 A. 2d 291 (1963). We cannot say the lower court abused its discretion in the present case in refusing a continuance on May 16. From shortly after his arrest relator, although confined in prison, had counsel available to him. Nevertheless, through his counsel, he had ample opportunity to prepare his case for trial. Having delayed in accepting that counsel, he cannot now complain of his own neglect; or if his counsel neglected to prepare his case adequately, inadequate preparations or presentation of a case has not been recognized as justification for a new trial or for granting a writ of habeas corpus. *Commonwealth ex rel. Hoffman v. Maroney,* 203 Pa. Superior Ct. 303, 201 A. 2d 263 (1964) ; *Commonwealth ex rel. Wherry v. Maroney,* 201 Pa. Superior Ct. 441, 193 A. 2d 839 (1963) ; *Commonwealth ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 118 A. 2d 756 (1955).

Relator's second argument is also without merit. He, as well as his codefendants, denied any implication in the crimes with which they were charged. No facts are alleged by relator that indicate there was any possible conflict of interests in Mr. Brereton representing the three of them. He alleges only the bare fact of multiple representations. A possible, if not actual, conflict of interest must appear before the representation of more than one defendant by the same counsel may be decreed prejudicial and sufficient justification for a new trial. *Commonwealth v. Meehan,* 409 Pa. 616, 187 A. 2d 579 (1963), reversing *Commonwealth v. Meehan,* 198 Pa. Superior Ct. 558, 182 A. 2d

212 (1962); *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 176 A. 2d 641 (1962).

We have reviewed this record and conclude that appellant had a fair trial with competent representation, without any violation of his constitutional rights.

Order affirmed.

HOFFMAN, J., dissents.