## Commonwealth v. Flood

*Charles S. Wilson*, for Commonwealth.

*Bernard F. Gray*, for defendant.

BECKERT, J., November 10, 1966.—We are here confronted with a question as to whether or not a defendant, following his arrest and release on bail, is entitled, as a matter of right, to be present at his preliminary hearing held before the issuing authority.

This matter comes before us after argument on defendant's motion to quash the indictment and the Commonwealth's preliminary objections thereto. By these preliminary objections, the Commonwealth contends

that defendant has no constitutional right to a preliminary hearing, or, in the alternative, if a right so exists, that his plea of not guilty to the indictment and his posting of bail constitutes a waiver of all defects in any proceedings prior to obtaining the indictment.

The Pennsylvania Rules of Criminal Procedure are still in toddler's clothes and, therefore, we believe it is first necessary to explore the manner, if any, provided by the rules for the raising of alleged defects for violations of the rules at the issuing authority's level.

Comment to Pennsylvania Rule of Criminal Procedure 304 indicates that an "Application to quash an indictment" is one of the many applications embraced within that rule and, therefore, we would presume that defendant is proceeding in accordance with rule 304. By the wording of Pa. R. Crim. P. 308, answers may be filed to said applications not later than seven days after service thereof, and the failure to answer is deemed to be an admission of all well pleaded facts averred in the application. Here, the attorney for the Commonwealth did not file an answer, but, as mentioned, filed preliminary objections. We can find no authority for the filing of preliminary objections, but for the purpose of this opinion, will treat defendant's motion as an application and the Commonwealth's preliminary objections as an answer thereto.

We are, therefore, dealing with an application to quash an indictment. The Commonwealth contends that we must, therefore, first determine the effect of defendant's posting bail; allowing the indictment to be presented to the grand jury; the return of the approved bill of indictment by that body and the subsequent plea of not guilty entered to the indictment by defendant.

There is no doubt in our minds that this action, or nonaction, on the part of defendant, prior to Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382 (1965),

would have constituted a waiver of his right to be present at the preliminary hearing. See Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1 (1954); Commonwealth v. Schwartz, 178 Pa. Superior Ct. 434 (1955); Commonwealth v. Poley, 173 Pa. Superior Ct. 331 (1953); Commonwealth ex rel. Scasserra v. Maroney, 179 Pa. Superior Ct. 150 (1955); Commonwealth v. Russo, 177 Pa. Superior Ct. 470 (1955). The O'Brien case squarely held that no constitutional statutory, or common law right exists in a defendant to be present at a preliminary hearing. It is our understanding that the Commonwealth contends that this is still the law today and, if so, the question of the waiver of defendant is thereby rendered academic.

It is, therefore, for us to determine whether the recently promulgated and adopted Pennsylvania Rules of Criminal Procedure change the law in that respect. By virtue of rule 116(b)(2), there is a duty imposed on the issuing authority, at the time of defendant's arraignment, to advise him of his right to a preliminary hearing or of his right to waive the same. The transcript, as filed in this case, affirmatively indicates that a preliminary arraignment was held on July 30, 1965. The various papers lodged with our clerk of criminal courts, by the issuing authority, also reveals that on the same day, defendant posted bail in the amount of $1,500. While the bail was conditioned on the appearance of defendant before the "next Court of Oyer and Terminer and General Jail Delivery . . .", it is obvious that bail was not conditioned upon his appearing before that court for the following three reasons: (1) On July 30, 1965, nothing took place that would result in defendant being bound over for the action of the grand jury. Defendant was only so held after the "preliminary hearing" on August 3, 1965. (2) The present "bail rules", rules 4001-16, inclusive, were not effective until July 1, 1966, and, therefore, the issuing authority could not, for the crime of rob-

bery, set bail for a defendant's appearance in court, for the bail could only be set at that time by a judge, pursuant to the Act of August 13, 1963, P. L. 672 sec. 1, 19 PS §51. (3) Bail was, in fact, set by our court on August 13, 1966, in the amount of $2,500.

Based, however, upon the present state of the record, we cannot conclude that defendant was in fact notified of the date of the preliminary hearing prior to August 3, 1965. We state this as the transcript affirmatively shows that on the date of the hearing, "Flood failed to appear for the hearing and could not be located by the police", indicating thereby that an attempt was made to notify him of the hearing on this particular date, whereas if, in fact, he had been notified prior thereto, there would have been no necessity for the police to attempt to locate him on the date previously set for the hearing.

Once we have concluded, as we have, that defendant was not so advised as required by rule 116 (b) (2), does that rule, coupled with the language of rule 119 (b) (1), (2), (3) and (4), have the effect of statutorily overruling Commonwealth v. O'Brien, supra?

A close analysis of the excellent opinion of Judge Woodside in the O'Brien case is required before that question can be answered.

In O'Brien, the court held at page 387:

"It is also settled that one has no constitutional right to be present at a preliminary hearing, or, indeed, even to have one. . . .

"Not all rights, however, are constitutional rights and the question remains whether defendant has a statutory or common law right to be present at such a hearing. . . .

"Preliminary hearings were unknown to the early common law. They are creatures of statutes, . . . in the absence of a statute no preliminary examination is necessary. . . ."

The court then went on to review the statutory de-

velopment of a preliminary hearing from the statutes passed in the 15th and 16th centuries in England to the statutes passed in the Commonwealth to the date of the court's opinion, namely, 1956.

Regarding the statutes passed in England in the 15th and 16th centuries, the court points out at page 387:

"Strangely enough preliminary hearings did not originate as a means of protecting persons arrested for crime; but rather as an instrument to restrict the indiscriminate release of such persons."

As noted in O'Brien, certain of these early English statutes became part of the law of the Commonwealth after the signing of the Declaration of Independence by virtue of the Act of January 28, 1777, 1 Sm. L. 429, 46 PS §152. These English statutes provided merely for a preliminary hearing as a means of determing whether or not a defendant was properly to be discharged on bail; and only when a prisoner was brought before a justice for bail was there to be such an examination.

To the date of the O'Brien opinion, the Pennsylvania Legislature passed no act dealing generally with preliminary hearings, but there were two statutory enactments which did provide for preliminary hearings in certain types of cases, the first being the Act of May 14, 1915, P. L. 499, sec. 1, 42 PS §1080, which provided:

"[H]ereafter, upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodomy, buggery, robbery, or burglary, ought to be committed for trial, the person accused, and all persons on behalf of the person accused, shall be heard if the person accused shall so demand".

The Act of May 27, 1919, P. L. 306, sec. 1, 19 PS §21, provided, in effect, that in prosecutions for assault

and battery, the justice of the peace shall enter into a full hearing and investigate all of the facts charged and shall only bind over defendant to court when he is satisfied from the evidence that the prosecution is reasonably well founded.

This represented the status of the law at the time Judge Woodside wrote the opinion in O'Brien. We contend, however, that the situation changed on January 1, 1965. On that date, for reasons hereinafter discussed, new legislation was invoked by way of rules of criminal procedure dealing with preliminary hearings. A statutory right to a full preliminary hearing is now guaranteed a defendant, subject to certain exceptions not here present. Since January 1, 1965, the authority who issues a warrant for the arrest of a defendant is required to give to defendant, unless waived by him, a preliminary hearing in all criminal cases. This right to a preliminary hearing for every person arrested on a criminal charge is effective as a statutory right by virtue of the powers given the Pennsylvania Supreme and Superior Courts by the legislature in the Act of July 11, 1957, P. L. 819, sec. 1, 17 PS §2084. By this act, the Pennsylvania Supreme and Superior Courts have the power to:

". . . prescribe by general rule the *forms of process*, writs, pleadings, and motions, and the practice and procedure prior to and including verdict or plea of guilty and motions in respect thereto in all criminal cases and proceedings in the courts of oyer and terminer and the courts of quarter sessions of every county and for all other courts having jurisdiction in criminal actions. Such rules shall be consistent with the Constitution of this Commonwealth and shall neither abridge, enlarge nor modify the substantive rights of any party. . . ." (Italics supplied.)

By virtue of this power, the Supreme Court, on June 3, 1964, to be effective January 1, 1965, suspended

the Act of May 14, 1915, P. L. 499, supra, and set forth new rules of criminal procedure, of which rule 116 (b) (2) and (g) (1), and rule 119 (b) (1), (2), (3) and (4) are now before us for consideration.

We learned from the O'Brien case that prior to the enactment of the rules of criminal procedure, there existed a diversity of practice throughout the Commonwealth regarding preliminary hearings. The purpose of the new rules, which require the issuing authority to have a preliminary hearing, represents a change from the purpose of the legislature in the 16th century in England in granting preliminary hearings. The change today is for the purpose of protecting the persons accused of the crime and ". . . to provide for the just determination of every criminal proceeding. They [the rules] shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction": see rule 2.

The Supreme Court of Pennsylvania, in the case of Commonwealth ex rel. Walls v. Maroney, 416 Pa. 290 (1965), in an opinion handed down on January 5, 1965, five days after the effective date of the new rules, and, while not referring to the rules as such, did, however, state at page 294:

"However, the right of an accused to a preliminary hearing, . . . has become part of the law in this Commonwealth".

We, therefore, conclude that the right of defendant, Weldon Flood, to be present at the preliminary hearing is now a statutory right. The failure on behalf of the Commonwealth to afford defendant with the right to be present at the preliminary hearing was a violation of this statutory right. Without his having participated in the preliminary proceeding, defendant's bill of indictment was not properly presented to the grand

jury for its action and, therefore, defendant's entry of plea thereon had no effect; nor does it militate against defendant's present position. The last remaining argument of the Commonwealth, to the effect that defendant has waived any defects by virtue of posting bail, is entirely without merit, for, in examining the file, defendant has not, in fact, posted bail in this matter for his appearance in court.

Therefore, consistent with the conclusions reached in this opinion, we enter the following

## ORDER

And now, November 10, 1966, defendant's application to quash the indictment is granted and affirmed. Defendant is discharged. The costs are placed upon the County of Bucks.