Commonwealth *v.* Warner, Appellant.

Argued December 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Charles F. G. Smith,* for appellant.

*William J. Carlin,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 16, 1966:

Appellant, Jack Warner, was charged and convicted of receiving stolen goods, conspiracy and being an accessory before and after the fact. The charges arose in connection with the alleged embezzlement and fraudulent conversion of approximately $72,000 from the Chelsea Title and Abstract Company of Pennsylvania, Inc. [Chelsea Title], by John J. Byers, an officer of Chelsea Title. Of this amount $20,000 was used by Byers to replace funds which he had previously embezzled from his account as real estate transfer tax agent for the Commonwealth of Pennsylvania; the balance was received by appellant and used by him in his construction business. In light of the arguments presented on appeal, we do not feel it necessary to review in greater detail the facts in this case other than as they appear below.

I

Appellant contends that he was denied the effective assistance of counsel of his own choice because the court (1) refused short continuances despite appellant's assurances that with a little more time he could afford private counsel of his own choice, and (2) appointed young and inexperienced counsel who had no prior knowledge of this case.

Appellant was arrested in September of 1963, and was represented by counsel of his own choosing. In May of 1964, the case was tried for the first time, but the jury was unable to agree upon a verdict. The jury was

discharged, and the case was continued until September. On September 28, 1964, the date scheduled for re-trial, appellant appeared without counsel and request-ed a continuance. He stated that he had failed to amass sufficient funds to pay his attorney. It further appears that appellant knew as early as September 10, 1964, that his attorney would not represent him unless this fee were paid. Nonetheless, he requested that the case be continued until November 10, at which time he expected to have sufficient funds.

The court, thereupon, granted a continuance until the session of criminal court scheduled for October 21. The court explained to appellant, however, that if it should appear that he would be unable to obtain the services of private counsel by that date, he should com-municate with the court and competent counsel would be appointed for him. The court also emphasized that no further continuances would be granted due to lack of counsel.

Appellant took no further action. On October 19, 1964, however, the district attorney filed a petition asserting that appellant was not yet represented by counsel and requesting that the court appoint counsel for him. On that date, the court appointed Robert H. Yaroschuk to represent appellant and again advised appellant that the case would be tried on October 26. It further advised him that he might retain his prior counsel, but that Mr. Yaroschuk would be available to represent him. Appellant was warned by the court that Mr. Yaroschuk would need time to prepare for trial. Nonetheless, appellant did not consult with Mr. Yaros-chuk until approximately 10:15 a.m. on October 24, 1964, two days before the trial. Mr. Yaroschuk did have an opportunity to review the testimony in the first trial, however, and thus become familiar with the case.

It is within the discretion of the trial judge to grant or refuse a continuance, and his action will not be dis-

turbed in the absence of a manifest abuse of discretion. *Commonwealth ex rel. Bronzell v. Myers,* 205 Pa. Superior Ct. 375, 378, 208 A. 2d 871, 873 (1965). In light of the above facts the trial court did not abuse its discretion in refusing to grant a second continuance. Appellant was well aware many weeks before the second trial that his own attorney might withdraw from the case. The court was prepared to appoint Mr. Yaroschuk who might begin to work on the case, even though the status of appellant's own attorney was still unclear. Every reasonable effort was made by the court to protect appellant's right to counsel. The duty did not devolve upon it, however, to continue appellant's case indefinitely until he might accumulate sufficient funds to pay an attorney of his own choosing.

In addition, we have made a close review of the whole trial record and can find no basis for appellant's contention that Mr. Yaroschuk was incompetent or insufficiently prepared. Moreover, any difficulties which Mr. Yaroschuk may have encountered in preparing for this case were undoubtedly due, in great measure, to appellant's reluctance to consult with him until two days before trial. "Having delayed in accepting that counsel, he cannot now complain of his own neglect." *Commonwealth ex rel. Bronzell v. Myers,* supra at p. **378**.

The examples of Mr. Yaroschuk's alleged incompetence are without merit. We find that Mr. Yaroschuk expended great efforts on behalf of his client and was more than competent. We are satisfied that appellant has no valid ground for complaint as to the quality of his representation.

## II

Appellant contends that he was denied a fair and impartial trial, because he was taken into custody by

the police and held incommunicado for nine hours, while being denied his right to counsel, until he signed a statement involuntarily. Even if this be true—and there is nothing in the record to substantiate it—no incriminating statement by appellant was offered into evidence by the Commonwealth or in any way entered into the jury's determination of guilt or innocence. Consequently, the alleged involuntary statement had no impact and could not have prejudiced appellant's position at trial. See *Commonwealth ex rel. Walls v. Maroney,* 416 Pa. 290, 294, 205 A. 2d 862, 865 (1965).

### III

Appellant contends that there was adverse newspaper publicity which denied him a fair and impartial trial and a fair hearing before the grand jury. Appellant has presented neither newspaper clippings nor other evidence to substantiate this contention. Consequently, there is nothing on which we might base the conclusion urged upon us by appellant.

### IV

Appellant contends that the trial judge abused his discretion by forcing appellant to use peremptory challenges to eliminate two jurors who should have been dismissed on voir dire for cause. The two prospective jurors were: (1) the wife of the court stenographer of Judge SATTERTHWAITE, President Judge of the Orphans' Court of Bucks County; and (2) the wife of Mr. Donald W. Van Artsdalen who had been District Attorney of Bucks County for eight years, until 1958, six years prior to the trial.

We find no evidence in the record to justify appellant's contention. Both prospective jurors testified that they could decide this case solely on the basis of

the facts set before them. Their contacts with the law enforcement agencies and criminal courts of Bucks County could be described, at best, as remote. Consequently, the judge did not abuse his discretion in deciding that these prospective jurors should not be dismissed for cause.

In this area of the law wide latitude is given to the discretion of the trial judge, and, absent any showing that he abused his discretion in this respect, his action must be sustained. *Commonwealth ex rel. Fletcher v. Cavell,* 395 Pa. 134, 140, 149 A. 2d 434, 437 (1959); *Commonwealth v. Pasco,* 332 Pa. 439, 445, 2 A. 2d 736, 739 (1938).

## V

Appellant contends that the court abused its discretion in admitting the testimony of Daniel F. Maloney, a certified public accountant. He argues that Mr. Maloney was active politically and had clients in common with the then district attorney, Paul R. Beckert. This issue was not raised nor was this objection made in the court below. For this reason it cannot be considered by us on appeal. *Commonwealth v. Gockley,* 411 Pa. 437, 455, 192 A. 2d 693, 702 (1963).

## VI

Appellant contends that the court abused its discretion in refusing to permit T. Sidney Cadwallader to testify that on one occasion appellant had signed a check in blank for Mr. Cadwallader. The record reflects that at trial Mr. Yaroschuk agreed that this was out of the order of proof. He stated that he was offering it, however, in an attempt to anticipate the district attorney's proof that appellant never did sign anything in blank. The conduct of a trial and the order of proof

are matters within the discretion of the trial judge. His action will not be reversed in the absence of an abuse of discretion. *Commonwealth v. Burns,* 409 Pa. 619, 637, 187 A. 2d 552, 562 (1963). We find that the court acted within its discretion in ruling that Mr. Cadwallader's testimony was neither material nor relevant to the issue on the state of the record at that time.

## VII

Appellant next contends that the trial judge in his charge abused his discretion in that he (1) showed prejudice against appellant by characterizing his alleged accomplice as truthful, (2) stated that there was no evidence of a deal between the alleged accomplice and the District Attorney's office, and (3) deprived appellant of his presumption of innocence by overemphasizing the Commonwealth's evidence and belittling appellant's evidence. We find it unnecessary to discuss each of these contentions individually. We have reviewed the lower court's charge and find that it was clear, correct and fair; it was devoid of any of the hostility or prejudice which appellant ascribes to it. The various phrases and clauses in the charge to which appellant refers in his brief, when read in the context of the charge, were not improper.

## VIII

Appellant's final contention relates to his conviction for receiving stolen goods.

Appellant was convicted on the first and second counts of two indictments.[1] The first count in each indictment charged him with receiving stolen goods in

---

[1] The charge of being an accessory before and after the fact was in a third indictment.

the amounts of approximately $20,000 and $52,000 respectively; the second count in each indictment charged him with conspiring to embezzle these amounts.

Appellant now contends that the conviction on receiving stolen goods was improper in that the goods received were checks and did not fall within the classification of stolen goods under The Penal Code, Act of June 24, 1939, P. L. 872, §817, as amended, §18 P.S. §4817. He further contends that there is no evidence that those checks which were cashed by appellant were, in fact, cashed in Bucks County. The lower court found that title company checks fully made out and properly signed were things of value and stolen goods within the meaning of the statute.

We do not believe that it is necessary to reach this question. The alleged defect in the indictment with respect to receiving stolen goods would not invalidate the conviction upon the good counts of conspiracy. "Where an indictment contains several counts, some of which are faulty, a general verdict will be sustained; one good count is sufficient to sustain a general verdict." *Commonwealth v. Knox,* 172 Pa. Superior Ct. 510, 521-522, 94 A. 2d 128, 133 (1953); see also *Hazen v. Commonwealth,* 23 Pa. 355 (1854); *Commonwealth v. Prickett,* 132 Pa. 371, 19 A. 218 (1890); *Commonwealth v. Schoenleber,* 96 Pa. Superior Ct. 76, 85-86 (1929).

The evidence presented at the time of trial was clearly sufficient to sustain the conviction on the grounds of conspiracy alone. Moreover, the sentences were within the maximum penalty provided by law for conspiracy. Consequently, even if the receiving stolen goods counts were bad, no modification of the sentence would be required. *Commonwealth v. Knox,* supra at p. 522 and cases cited therein.

The judgments of sentences are affirmed, and it is ordered that appellant appear in the court below at

such time as he may be there called, and that he be by that court committed until he has complied with his sentences or any part thereof which had not been performed at the time the order of supersedeas was entered.

---

DISSENTING OPINION BY WATKINS, J.:

I would reverse the judgment of sentence and grant a new trial because the appellant was denied his constitutional right to the effective representation of counsel of his own choice.

Article I, Sec. 9 of the Constitution of the Commonwealth of Pennsylvania has been interpreted to mean that under our constitutional system, the accused, regardless of financial status, is guaranteed the right to the assistance of counsel, either counsel of his own choosing, or, if indigent or otherwise unable to secure counsel, counsel assigned by the court. *Com. ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 204 A. 2d 446 (1964).

Article of Amendment VI to the United States Constitution clearly states that "In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." In *U. S. v. Johnston and Balk*, 318 F. 2d 288 (C.A. 6, 1963) the court held this to mean that the defendant's rights under the Sixth Amendment were not satisfied where the accused engaged counsel of his choice (Mr. Louisell) and at the time of trial Louisell asked to be excused because of other urgent business, the court granted the request since counsel's associate Mr. Barris was present and would represent the accused and was familiar with the case. The accused insisted he wanted Mr. Louisell. Trial was held two days later resulting in a conviction.

Though it was found that Mr. Barris did a competent job and conducted the trial in a good manner and

in this respect the accused was not prejudiced, a new trial was granted.

In view of the foregoing let us look at our present situation. The appellant was charged and convicted of receiving stolen goods, conspiracy and being an accessory before and after the fact of an embezzlement and fraudulent conversion of about $72,000 by John J. Byers, an officer of Chelsea Title and Abstract Company.

The arrest was made in September 1963 and the first trial was held in May of 1964 at which time appellant was represented by counsel of his choice. After an extended trial wherein 700 pages of testimony were taken, the jury could not agree upon a verdict and was discharged.

The case was then listed for trial on September 28, 1964. Appellant appeared at this time without counsel and the case was continued until October 1964 with instructions to appellant to arrange for counsel by that time or the court would appoint counsel for him. Appellant stated he would be in a position to secure the attorney he wanted by November 8, 1964, but the court refused a continuance until that time.

The case was then listed for October 26, 1964 and, on October 19, 1964 at a hearing before the court at the instance of the District Attorney, counsel was appointed for the appellant. Because of the nature of the case appointed counsel stated he did not have sufficient time to prepare for trial and quite candidly stated he was unable to adequately represent appellant, and requested a continuance, which was again refused.

All through these proceedings appellant reiterated that he would be able to secure and pay counsel of his choice, being the same one who had represented him over a long period of time and at the first trial, if granted a continuance until November 10, 1964. Such a continuance was reasonable and would in no way preju-

dice the Commonwealth. It would have afforded appellant the constitutional right to which he was entitled.

A careful examination of this record indicates that the District Attorney seemed inordinately anxious to try this case before leaving office at the end of the year. The Judge, too, seemed greatly influenced by the attitude of the district attorney, so much so that the refusal of this reasonable continuance for the purpose of having the advice of counsel of his own choosing was a clear abuse of discretion.

The case was called at the first session of court subsequent to the mistrial. It is most surprising, at this time, when courts are leaning over backwards to protect the constitutional rights of chronic and hardened defendants, to deny a reasonable continuance for the purpose of securing counsel of his own choosing in his first brush with the law. There seems no doubt of his prior good reputation.