Commonwealth *v.* Altizer, Appellant.

Argued April 23, 1968.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*C. Clark Hodgson, Jr.,* for appellant.

*Gordon Gelfond,* Assistant District Attorney, with him *Michael J. Rotko,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, May 21, 1968:

On July 11, 1960, appellant was convicted by a judge without a jury on charges of prostitution and assignation, sodomy, solicitation to commit sodomy, pandering, fornication and possession of burglary tools. For reasons which are not relevant here, appellant was given leave to file an appeal nunc pro tunc from the convictions at the 1960 trial. The lower court denied appellant's motion for a new trial and the Superior Court affirmed in a per curiam opinion. Appellant then petitioned our Court for the allowance of an appeal, which petition was subsequently granted.

Appellant was arrested on June 5, 1960. The arrest occurred after two policemen, without a search warrant, entered appellant's apartment in search of keys and a watch left by one Rental following an assignation there with one Lois Ann Wells, who lived with appellant. The police arrested Wells for prostitution outside the apartment dwelling and then proceeded into the apartment. As a result of the search of the apartment, the police officers found and seized locksmith equipment, a sheet of coded information, a purported marriage certificate, a list of states with multiple-offender penal laws, and certain advertisements for machinists' equipment. After questioning Wells and appellant, the appellant was charged with the aforementioned crimes. At appellant's trial, all of the items seized as a result of the search were introduced in evidence.

Appellant contends that there was a lack of probable cause justifying the entry by the police into the apartment without a search warrant. The Commonwealth argues that probable cause was present because prior to the arrest of appellant, Rental told the police he had *left* his keys and watch in the apartment after having sexual relations with Wells. He further stated

to the police that he had knocked on the door of the apartment but no one answered. After this information was conveyed to the police officers, they proceeded to the apartment. When one officer knocked on the window, Wells started out the front door and was immediately apprehended in front of the building.

On the basis of these facts alone, the court below found probable cause to arrest Wells for the felony of larceny, and consequently held the subsequent search to be incidental to a lawful arrest. We disagree.

It is a well established principle that a police officer may arrest where he has reasonable and probable cause to believe that the person arrested has committed a felony. *Henry v. United States,* 361 U.S. 98 (1959). Probable cause has been defined to be the existence of " ' "facts and circumstances within their [the (arresting) officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been . . . committed.' " *Ker v. California,* 374 U.S. 23, 35 (1963); *Commonwealth ex rel. Santiago v. Myers,* 419 Pa. 326, 214 A. 2d 206 (1965); *Commonwealth ex rel. Walls v. Maroney,* 416 Pa. 290, 205 A. 2d 862 (1965). Here the only facts and circumstances known to the police were that Rental had *left* his keys and watch in the apartment after having relations with Wells. The admission by Rental to the police officers that he had *left* his keys and watch is completely inconsistent with the commission of a larceny. The fact that they were *left* in the apartment negates any inference that there was a taking, carrying away or any deliberate withholding. In addition, Rental's subsequent failure to gain admission to the apartment is likewise insufficient justification for finding probable cause, since there might be a multitude of reasons why Wells did not answer the ringing

door bell all of which would be inconsistent with the belief that a larceny had been committed. Unless the police are to be clothed with an expertise in prostitution cases, we are of the opinion that probable cause did not exist where the only evidence thereof was that the police were told that keys and a watch were left in the apartment and subsequent admission thereto had been denied. To meet the requirement of probable cause, the police must have reasonable grounds to believe that a felony has been committed. Here there were no reasonable grounds but at best a suspicious set of circumstances. For this reason appellant is entitled to a new trial absent the use by the Commonwealth of all the evidence seized as a result of the unlawful search. Since we are granting appellant a new trial, we find it unnecessary to discuss or decide the other questions raised on appeal.

Judgment of sentence reversed and the case remanded for a new trial in accordance with this opinion.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.