**UNITED STATES of America ex rel. Curtis BRONZELL**

v.

**Alfred T. RUNDLE.**

**Misc. No. M–4102.**

United States District Court
E. D. Pennsylvania.

Oct. 1, 1968.

Curtis Bronzell, for petitioner.

Arlen Specter, Dist. Atty. of Philadelphia County, Philadelphia, Pa., for respondent.

## MEMORANDUM OPINION

WEINER, District Judge.

In this petition for a writ of habeas corpus the pivotal issue is whether the relator was prejudiced by a conflict of interest created by the representation of multiple defendants by the same attorney.

The record establishes that relator and two accomplices were indicted for aggravated robberies, aggravated assault and battery, carrying concealed deadly weapons and conspiracy. The office of the Public Defender was designated to represent the defendants. Verdicts of guilty were entered against all defendants, on which sentences were subsequently imposed. Alleging that he was not advised of his right to appeal, the relator filed a petition under "Post-Conviction Hearing Act". He was granted leave to file motions for new trial nunc pro tunc and arrest of judgment. The issue of prejudicial conflict of interest was decided against relator in the Court of Quarter Sessions and Ap-

pellate Courts.[1] To the extent that this essentially factual question will be determinative of the issue presented, a discussion of the evidence adduced at trial becomes relevant. In reading the testimony we find that the relator, as well as his co-defendants denied any implication in the crimes with which they were charged. Obviously, at this point in the proceedings there was not a conflict of interest. Relator's contention is that at the time of sentence a conflict of interest arose. He argues that as he and his co-defendants had different prior criminal records that counsel then had to make a choice in pleading for each of them and this burden resulted in such ineffective and improper representation resulting in basic and fundamental error. Our further review of the testimony leads us to the conclusion that relator's allegation is without foundation. We find that counsel exerted equal effort on behalf of all defendants.

As the Court observed in United States v. Berriel, 371 F.2d 587 (6th Cir. 1967):

"Such an assignment [a single attorney for co-defendants] is not, in itself, a denial of effective assistance of counsel. Since Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), it has been clear that some conflict of interest must be shown before an appellant can successfully claim that representation by an attorney also engaged by another defendant deprived him of his right to counsel".

Underlying our decision is the firm conviction that the record fails to reveal any facts from which we could find the existence of a possible conflict of interest. Relator alleges only the bare fact of multiple representation.

██ We have carefully considered the relator's remaining contentions and we deem them lacking in merit. When his case was called for trial a motion for a continuance was made and after hearing reasons assigned in support thereof the trial judge denied the motion. Relator in substance argues that the denial was so arbitrary as to violate due process. The facts defeat his argument. The testimony discloses that the arrest was made on February 16, 1962. The case was first listed for trial on April 25, 1962 and continued to give counsel an adequate opportunity to prepare for trial. Relisted on May 16, 1962, the contentious motion was again made at which time it was denied. In our opinion the decision of the trial judge was well within his range of discretion. It is well settled that a denial of a continuance is within the discretion of the trial court. Ray v. United States, 352 F.2d 521 (5th Cir. 1965), Butler v. United States, 351 F.2d 14 (8th Cir. 1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966) and it is only when the denial of a continuance is so arbitrary as to violate due process that it could be held to be erroneous. United States v. Jones, 369 F.2d 217 (7th Cir. 1966).

██ We also reject relator's contention that his counsel was incompetent. We conclude that his attorney exercised the skill and judgment required of a lawyer in defense of his client. A conviction will not be set aside for ineffective representation of counsel unless the service of counsel was of such caliber as to amount to a farce or mockery of justice. Grove v. Wilson, 368 F.2d 414 (9th Cir. 1966); see also, cases cited in Com. ex rel. Crosby v. Rundle, 415 Pa. 81, 87, 202 A.2d 299 (1964).

## ORDER

Relator's petition for a writ of habeas corpus will be denied without prejudice.

We certify probable cause for appeal.

It is so ordered.

---

1. Commonwealth v. Bronzell, 211 Pa.Super. 758, 237 A.2d 854 (filed Feb. 13, 1968), allocatur denied, (July 10, 1968).