**UNITED STATES of America ex rel. Curtis BRONZELL, Appellant,**

v.

**Alfred T. RUNDLE.**

**No. 17579.**

United States Court of Appeals Third Circuit.

Submitted on Briefs April 7, 1969.

Decided April 23, 1969.

**372**

Curtis Bronzell, pro se.

Roger F. Cox, Asst. Dist. Atty., Philadelphia, Pa. (Joseph J. Musto, Asst. Dist. Atty., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This appeal challenges a District Court order denying a petition for a writ of habeas corpus filed by relator, after exhaustion of state remedies.[1] After a jury trial, relator was found guilty of three separate offenses and aggravated robbery, assault and battery, and carrying concealed deadly weapon. On May 29, 1962, he was sentenced to three concurrent terms of seven and one-half to fifteen years.

### CLAIM OF DENIAL OF DUE PROCESS IN BEING FORCED TO TRIAL WITH UNPREPARED COUNSEL.

■ Relator consulted with his trial counsel, an experienced attorney on the staff of the Defender Association, as early as February 28, 1962. Although there was some indication that he intended to secure private trial counsel between February 28 and arraignment on April 11, it is clear that the above-mentioned attorney represented relator and his two co-defendants from April 11 through the sentencing proceedings on May 29. On April 11, the case was listed for trial on April 25, on which date it was continued for trial until May 16. On that date, relator's attorney requested a continuance in order to make "further investigation," which request was denied after the court pointed out that the witnesses had appeared at least three times in connection with this prosecution. Since counsel did not request a continuance to enable him to produce Mr. Baxter's (a victim) customer, who Baxter said "could have seen the defendant but she was afraid," a new trial should not be granted to enable the relator to call a witness who, at most, could have corroborated the testimony of Baxter and was probably too afraid to make any positive identification. Defense counsel's cross-examination of the Commonwealth witnesses showed his familiarity with the case.

1. The facts and history of prior proceedings are set forth fully in unreported decisions of the state trial court sur post-trial motions (Commonwealth v. Bronzell, Philadelphia Quarter Sessions Court, March Sessions 1962, Nos. 58–63, Opinion of 6/20/67, aff'd 211 Pa.Super. 758, 237 A.2d 854 (1968), allocatur refused) and of the District Court (United States ex rel. Bronzell v. Rundle, E.D.Pa., 294 F.Supp. 1338, Opinion of 10/1/68), as well as in Commonwealth ex rel. Bronzell v. Myers, 205 Pa.Super. 375, 208 A.2d 871 (1965), affirming dismissal of relator's first petition for a writ of habeas corpus filed in the state courts.

In Sykes v. Commonwealth of Virginia, ex rel. Peyton, 364 F.2d 314, 316 (4th Cir. 1966), the court said:

"* * * Every lawyer on the losing side of a case probably feels that if he had had a little more time he might have done something else which would have been helpful. Here, the lawyers' suggestion of inadequate preparation was made just before the trial commenced, * * *

\* \* \* \* \* \*

"Defendants are entitled to prompt trials. They are also entitled to delay when delay is necessary to enable their attorneys to properly prepare themselves for trial. When reasonable time has been provided for that purpose, however, it becomes the Court's duty in the control of its docket to avoid unnecessary delay and to insist that the lawyers devote themselves to the business at hand in preference to other matters which may call for their attention.

\* \* \* \* \* \*

"* * * It must have the power at an appropriate time to insist that the trial proceed notwithstanding an attorney's statement of unpreparedness. In such a case, when there has been adequate forewarning and when the trial record, viewed objectively, shows that the lawyers performed well and effectively, there is no basis for a claim that the defendant's representation was so inadequate as to amount to a denial of the fair trial requirement of the Fourteenth Amendment."

Recent decisions of this court also make clear that there was no denial of relator's Sixth Amendment or Fourteenth Amendment rights on this record. See United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969); United States v. Restaino, 405 F.2d 628 (3rd Cir. 1968), cert. den., 394 U.S. 904, 89 S.Ct. 1012, 22 L.Ed.2d 216 (3/10/69).

### CLAIM OF FAILURE TO CALL ALIBI AND CHARACTER WITNESSES.

There is no reason to believe that relator's able counsel would not have called his presently alleged alibi witnesses to testify at the trial if such counsel believed they would have been helpful. At no time during the trial was any mention made by such counsel of a desire to secure "alibi witnesses" for this defendant. See page 5 of Opinion of June 20, 1967, Sur Post-Trial Motions, cited in footnote 1.[2]

### CLAIM OF CONFLICT OF INTEREST IN REPRESENTATION OF THREE CO-DEFENDANTS BY ONE COUNSEL.

The able opinion of the District Court fully disposes of this contention. See, also, pp. 7–8 of the above-mentioned Opinion of June 20, 1967.

The order of the District Court will be affirmed.

---

**2.** Also, this pertinent comment appears on page 4 of that June 20, 1967, opinion on the alleged failure to call character witnesses for defendant:

"* * * since presentation of character evidence would have opened the door to the District Attorney to offer into evidence the unsavory criminal record of defendant, containing two prior convictions and a third arrest for crimes of violence within eighteen months, common sense and wise trial tactics dictated that neither the Voluntary Defender nor any other experienced defense counsel would have dared to introduce character evidence in this case."