**UNITED STATES of America**

**v.**

**Noah Willis ALTIZER.**

**Crim. No. 23580.**

United States District Court
E. D. Pennsylvania.

Jan. 13, 1970.

Joseph Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Carolyn E. Temin, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

This is a motion by defendant to suppress evidence based upon the illegality of his arrest.

The defendant in this case is charged with passing four forged one hundred dollar postal money orders in West Virginia.[1] He was arrested on July 13, 1967 in a tavern in Philadelphia. The facts leading up to defendant's arrest are as follows:

At approximately 11:45 P.M. on that date Officer John Kennedy of the Philadelphia Police Force was approached by an unidentified well-dressed man in the vicinity of the tavern. He told the officer that he had just been approached in the tavern by a dark haired, poorly-dressed man who offered to sell him postal money orders with a value of "not more than" one hundred dollars for ten dollars each. The man giving this information stated to the officer that he believed the money orders were stolen from a post office. The informer further stated that the individual who attempted to sell him the money orders was seated in the tavern with a stack of money orders in his back pocket next to a man dressed in ladies' clothing. The officer failed to obtain the identity of the informer.

Based upon what the informer told him, the officer proceeded to the tavern in question. When he entered the bar he saw a man who fitted the informer's description seated next to a man wearing a ladies' blouse and slacks. He observed a stack of postal money orders protruding from the back pocket of the defendant. The officer seized the money orders and arrested the defendant. It was subsequently discovered that these money orders had been stolen from a Bryant, Alabama, post office.

On the basis of the foregoing facts, defendant moves to suppress certain items of evidence on the ground that his arrest was illegal. The evidence which defendant moves to suppress includes:

(1) the money orders seized by Officer Kennedy;

(2) an identification card in the name of Samuel R. Boynton which was taken from the defendant;

(3) the identification made of the defendant by postal inspector Combs as the man wanted in West Virginia for passing forged money orders;

(4) a picture of defendant from the Philadelphia Police Department mug book which was sent to West Virginia for the purposes of identifying defendant.

We have concluded that the arrest was legal and, accordingly, defendant's motion must be denied.

■■ The issue that is presented to us has already been presented to the Courts of Pennsylvania in connection with a State prosecution of Altizer involving other money orders found in defendant's possession at the time of his arrest. The Superior Court of the State of Pennsylvania in the case of Commonwealth v. Altizer, 213 Pa.Super. 201, 245 A.2d 692 (1968), in a well-reasoned opinion, held that defendant's arrest was legal. We are fully in accord with that opinion. We would, however, add the following. Defendant relies heavily on the cases of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968). These cases establish the rules by which the legality of an arrest based upon an informer's tip is to be determined. They require that (1) the informer be reliable and (2) the manner

---

1. The case was transferred to this District pursuant to Criminal Rule 21(b).

in which the informer obtained his information be reliable. We have concluded that this two-pronged test has been satisifed in this case. The informer was proved credible when the officer visited the tavern and saw a man fitting the informer's description seated next to a man in ladies' garments with a stack of money orders plainly visible in his back pocket. The informer obtained his information by directly conversing with the defendant.

■ The defendant raises an additional reason for suppressing his mug shot. He has stated in a supplemental brief that the mug shot was taken on June 5, 1960 by the Philadelphia Police Force as a result of an arrest. This arrest was subsequently held to be unlawful by the Supreme Court of Pennsylvania in the case of Commonwealth v. Altizer, 430 Pa. 159, 242 A.2d 274 (1968). Defendant argues that the case of Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), precludes the use of this mug shot as evidence in this prosecution because it is the product of an illegal arrest. We, however, are not in a position to decide this issue. There was no evidence during the hearing on defendant's motion that the mug shot was taken on June 5, 1960. Indeed, the record reveals that postal inspector Combs testified that this mug shot was taken on March 17, 1967. It may very well be that Inspector Combs was mistaken as to the date when the picture was taken and that it was in fact taken on January 5, 1960. There is, however, no evidence on the record from which we can make this factual determination. Defendant may raise this issue again at trial if the Government attempts to use the mug shot or identification testimony based on it.

## ORDER

And now this 13th day of January, 1970, it is ordered that defendant's motion to suppress be and the same is hereby denied.